**STATE of Missouri ex rel. MISSOURI
DIVISION OF FAMILY
SERVICES, Relator,**

v.

**The Honorable James MOORE Associate
Circuit Judge of Miller County,
Missouri, Respondent.**

**No. WD 34487.**

Missouri Court of Appeals,
Western District.

June 28, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Aug. 30, 1983.

John Ashcroft, Atty. Gen., Scott A. Woodruff, Asst. Atty. Gen., Jefferson City, for relator.

Roger M. Baron, Grantham & Baron, Tuscumbia, for respondent.

Before SOMERVILLE, C.J., and WASSERSTROM, TURNAGE, CLARK, MANFORD, KENNEDY and LOWENSTEIN, JJ.

## ORIGINAL PROCEEDING IN PROHIBITION

CLARK, Judge.

On petition by the Missouri Division of Family Services, a preliminary order in prohibition issued to the Honorable James Moore, Associate Circuit Judge,[1] directing him to refrain from proceeding further in the case of *James D. English v. Missouri Division of Family Services, et al.,* a suit in damages for wrongful garnishment. We now make the preliminary order absolute.

The facts of the underlying cause, to the extent pertinent here, are not in dispute. English was due a federal income tax refund for 1981. Relator intercepted that payment on the mistaken calculation that English owed child support on a judgment assigned to relator by English's former wife. Relator deducted $266.00 and sent the balance to English. This suit was commenced to recover the amount deducted and for other damages, both compensatory and punitive. At oral argument, counsel agreed that the mistake was rectified some time ago and payment of $266.00 has been made to English by relator. Damages for mental distress, humiliation and loss of reputation thus remain as the recovery claimed in the suit.

Relator moved the trial court to dismiss the cause on the ground of sovereign immunity. Respondent judge overruled the motion expressing his opinion to be that § 207.020.1(1), RSMo Supp.1982 constitutes a waiver of sovereign immunity as to all actions against the Division of Family Services. These proceedings in prohibition followed.

██ The gist of relator's contention is that the Division of Family Services as a subdivision of the executive branch of state government enjoys immunity from suit for damages in tort whether based on negligence or intentional wrong. If relator's position be sound, then English's petition does not and cannot lay before the trial court any cause upon which relief could be granted. A proper ground for prohibition is thus presented. *State ex rel. City of Mansfield v. Crain,* 301 S.W.2d 415 (Mo. App.1957).

A decision by respondent judge and the argument briefed here in support of that decision assume viable status to the doctrine of sovereign immunity at relevant time periods but contend as to the Division of Family Services that immunity has been waived by reason of the "sue and be sued" language of § 207.020.1(1), RSMo Supp. 1982. Case authority prior to September 12, 1977 was to the contrary. The following listed cases held that a statutory provision whereby a public body "may sue and be sued" does not authorize a suit against the

---

1. The suit by English against relator was filed in the associate circuit court division in Miller County. By reason of § 517.520.2, RSMo 1978 when English requested a jury trial, the case was certified to the presiding judge of the circuit for assignment. Preliminary matters were thereafter apparently heard by a circuit judge until English filed a request for change of judge. At that point, the presiding judge ordered respondent transferred from Laclede County, his county of residence, to hear the case in Miller County as authorized by § 478.-240, RSMo 1978. Respondent was therefore sitting as an acting circuit judge by designation and not as an associate judge as his orders indicate.

public body for negligence. *Page v. Metropolitan St. Louis Sewer District,* 377 S.W.2d 348 (Mo.1964); *Hill-Behan Lumber Co. v. State Highway Commission,* 347 Mo. 671, 148 S.W.2d 499 (1941); *Todd v. Curators of University of Missouri,* 347 Mo. 460, 147 S.W.2d 1063 (1941); *Bush v. State Highway Commission of Missouri,* 329 Mo. 843, 46 S.W.2d 854 (1932).

On September 12, 1977, the court decided *Jones v. State Highway Commission,* 557 S.W.2d 225 (Mo. banc 1977). That case represented a radical departure from prior law and adopted a judicial abrogation of the general doctrine of sovereign immunity. The opinion also expressly held a sue and be sued clause similar to § 207.020.1(1), *supra,* to be a waiver of any immunity from suit which might otherwise exist. The *Jones* case is foursquare in support of respondent's ruling in the present case. *Jones,* however, is no longer valid authority.

■ In an obvious response to the *Jones* decision, the legislature acted in 1978 to adopt H.B. 1650, now codified at 537.600 et seq., RSMo 1978. That statutory enactment nullified the *Jones* decision and restored sovereign immunity to the status it occupied before September 12, 1977, subject to the exceptions set forth in that enactment.[2]

■ In a recent opinion, *Bartley v. Special School District of St. Louis County,* 649 S.W.2d 864 (1983), the Missouri Supreme Court en banc held, "Under § 537.600, the Missouri legislature provided that sovereign tort immunity as it existed prior to the date of the *Jones* decision was to remain in effect * * *." From this we conclude that the line of precedential authority exemplified by *Page v. Metropolitan St. Louis Sewer District, supra,* controls, and a sue and be sued clause in the statute setting out the powers of the governmental agency cannot be construed to be a waiver of sovereign immunity. The trial judge was therefore in error in ruling to the contrary as a basis to

deny relator's motion for dismissal of the cause.

■ No contention is made that relator is not otherwise entitled to the immunity of the sovereign. Such immunity necessarily attaches because, (a) relator is a statutorily constituted division of the Missouri Department of Social Services (§ 660.010.7, RSMo Supp.1982), (b) The Department of Social Services is a constitutionally mandated department of the executive branch (Article IV, § 37, Missouri Constitution) and (c) relator is therefore an agency or subdivision of the state. There being here no statutory waiver of that immunity apart from the asserted application of § 207.020.1(1), RSMo Supp.1982, and that purported waiver having been judicially disavowed, it necessarily follows that relator is immune from suit for damages on the tort claim English asserts in the subject action.

■ In his brief, respondent appears to argue that this case is in some way unique. The contention is that the act of intercepting English's tax refund was an "intentional wrong" which distinguishes the case from an action for negligence. Respondent argues, without citation of any authority, that sovereign immunity extends only to negligence actions and not to all torts. This contention misses the mark in that it assumes sovereign immunity owes its existence to legislative or judicial pronouncements carving out of a condition of general liabilities those situations where immunity will prevail. To the contrary, it is the exceptions to immunity which exist only by express pronouncement.

■ It has repeatedly been held that sovereign immunity is simply the rule that the state cannot be sued in its own courts without its consent. *State ex rel. Eagleton v. Hall,* 389 S.W.2d 798 (Mo. banc 1965). Thus, it is the condition of waiver which finds expression in the statutes, immunity being the rule if there is no waiver. If the

---

**2.** The exceptions now provided, neither of which is applicable here, are injuries from negligent operation of motor vehicles and injuries caused by the dangerous condition of property,

and then, only when liability insurance has been purchased by the political subdivision. §§ 537.600, 537.610, RSMo 1978; *Bartley v. Special School District, supra.*

claimant can show no waiver, he is barred from suing the sovereign in its courts.

As has been previously discussed, no statute now waives the sovereign immunity of the state in a suit for wrongful garnishment. It is immaterial whether the cause be one in negligence or for an intentional tort.

Respondent advances other contentions which are unsupported by authority or are contrary to controlling authority. They lack sufficient substance to be worthy of discussion. Each has, however, been considered and rejected as being without merit.

The preliminary order previously issued is made absolute.

SOMERVILLE, C.J., and WASSERSTROM, TURNAGE, and KENNEDY, JJ., concur.

LOWENSTEIN, J., concurs in separate opinion.

MANFORD, J., concurs in opinion of LOWENSTEIN, J.

LOWENSTEIN, Judge, concurring.

Making absolute the Order in Prohibition is proper. There seems to be no doubt as to the status of sovereign immunity in this state following *Bartley v. School District of St. Louis County,* 649 S.W.2d 864 (Mo. banc 1983), the upshot of which is that English has no cause of action against the Division of Family Services.

My concern is to avoid unnecessarily using extraordinary writs to keep litigants from presenting evidence and having their day in court. By using a writ to dispose of a cause on the basis of case law being contrary to a party would deny the chance to appeal and perhaps have the law changed. With *Bartley* being of such recent vintage (motion for rehearing denied in May of 1983), no change appears likely that would allow English to recover. Moreover, since the state has no chance to appeal the denial of its motion for summary judgment, *Guthrie v. Reliance Construction Co., Inc.,* 612 S.W.2d 366, 368 (Mo.App.1980); *Hamiltonian Federal Savings & Loan Asso-*

*ciation v. Reliance Insurance Company,* 527 S.W.2d 440, 444 (Mo.App.1975), the requisite of there being no adequate remedy by appeal is also present.