Etta GAVAN, Plaintiff-Appellant,

v.

MADISON MEMORIAL HOSPITAL, Frank Huffman, Administrator; Raymond Skaggs, Trustee; Howard Gregory, Trustee; June Parmeley, Trustee; Dr. Phillip Beyer, Trustee; and Roy Roberts, Trustee, Defendants-Respondents.

No. 49836.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 8, 1985.

Motion for Rehearing and/or Transfer Denied Nov. 12, 1985.

Application to Transfer Denied Dec. 17, 1985.

David L. Mayhugh, Flat River, for plaintiff-appellant.

John W. Reid, Fredericktown, for defendants-respondents.

KAROHL, Judge.

Plaintiff-employee, Etta Gavan, appeals from a summary judgment in favor of respondents, employer Madison Memorial Hospital, the hospital trustees and administrator. The petition, in four Counts, alleges that some of the terms of plaintiff's employment are governed by a personnel policy manual; that the manual provides a procedure for discharge which was not followed by defendants; that defendants' acts were a "breach of promise," a denial of due process, a breach of the "duty of good faith," and a denial of plaintiff's constitutional right of free speech in criticizing her work assignment. Some Counts sound in contract based on the manual and some in tort for unlawful discharge. Defendants filed a motion for summary judgment claiming sovereign and official immunity. They also filed a separate motion for judgment on the pleadings claiming plaintiff was an employee at will and failed to state a cause of action. The court ruled only on the motion for summary judgment and found the hospital was protected by sovereign immunity and the trustees and administrator of the hospital by official immunity. § 537.600 and § 537.610 RSMo 1978.

We reverse and remand.

Madison Memorial Hospital (Hospital), is a county hospital organized and operated under § 205.160 et seq. RSMo 1978. The individual defendants are the trustees and administrator of the hospital.

Appellant was employed by Hospital as a licensed practical nurse beginning October 24, 1983 [she received her LPN license December 15, 1983] and was terminated May 11, 1984. During her employment, appellant was presented with a book entitled "Personnel Policy and Procedures Manual." Additionally, appellant signed a document which stated in part, "I have received a copy of Madison Memorial Hospital. ... I further understand that my employment shall be governed by policies or future policies as amended." The procedure for discharge required two warning notices before termination. In the section

entitled "Disciplinary Actions," the manual provides the following:

> When it appears an employee should be discharged, the employee will be placed on suspension without pay for not more than five work days pending a thorough review of all available facts relevant to the situation.... In the case of a discharge, the employee will be advised that he may appeal through the grievance procedure.

The "Grievance Procedure" provides:

> You may submit to the Administrator a written request for review. If you desire, the Personnel Director will assist in writing the request and accompany you and assist you in your presentation to the Administrator. The Administrator will give an answer within (3) working days
> . . .

On May 7, 1984, appellant was issued a "Counseling Statement." The statement provided this was a "first written warning as defined in the MMH/SMNA Personnel Manual" and that a "second offense will lead to a 30 day probation."

Again on May 7, 1984, appellant was issued "Counseling Statement # 2" which provided that this statement was a "2nd written warning as defined in the Personnel Policy Manual. At this time you are on 30 work day probationary period."

On May 11, 1984, appellant was issued a "Termination Statement" which provided that "the third offense calls for discharge from employment." This final statement did not place appellant on suspension without pay pending review of the facts, nor did the statement advise appellant she could appeal through the grievance procedure as specified in the Personnel Manual.

Defendants' motion for judgment on the pleadings, Rule 55.27(b), alleged that plaintiff was an employee at will. This motion was not ruled by the trial court. However, we note that the warning procedure and termination statement followed the provisions of the Personnel Policy and Procedures Manual.

After termination appellant filed the present petition. Counts I and II of the petition appear to allege a cause of action for breach of contract. The relief requested is stated in terms of back pay, reinstatement and costs. Counts III and IV make no reference to an employment agreement and appear to allege tortious conduct. Count III requests the same damages but Count IV adds a claim for punitive damages.

We affirm the trial court's finding that sovereign and official immunity apply to Counts III and IV of appellant's petition. We reverse and remand the trial court's finding that sovereign immunity and official immunity apply to Counts I and II for the reason that this doctrine of immunity has no application to claims for breach of contract.

Review of summary judgment is equivalent to reviewing court-tried or equity proceedings, and if, as a matter of law, judgment is sustainable on any theory it must be sustained. *McCready v. Southard*, 671 S.W.2d 385, 387 (Mo.App.1984). We must first consider whether there was an issue of genuine fact requiring trial, and second, whether the prevailing party was entitled to a judgment as a matter of law. *Butcher v. Ramsey Corp.*, 628 S.W.2d 912, 914 (Mo. App.1982). It is not disputed that defendant Hospital is a Chapter 205 RSMo 1978 county hospital or that the individual defendants are sued in their official capacity. These are the only facts relevant to the grounds on which summary judgment was granted. The question presented is narrowed to whether defendants were entitled to summary judgment as a matter of law.

■ The doctrine of sovereign immunity and the related doctrine of official immunity have no application to suits for breach of contract. Section 537.600 RSMo 1978 expressly relates only to tort immunity as recognized at common law prior to September 12, 1977, the decision day of *Jones v. State Highway Commission*, 557 S.W.2d 225 (Mo. banc 1977). The Supreme Court recognized this limitation in *State ex rel. New Liberty Hospital District v. Pratt*,

687 S.W.2d 184, 187 (Mo. banc 1985). Before deciding the issue of the application of § 537.600 to a county hospital organized and operated under § 205.160 et seq. RSMo 1978 it follows that the trial court erred in sustaining summary judgment on Counts I and II of plaintiff's petition claiming breach of contract. The facts indicate that during her employment with the Hospital plaintiff was presented with the Personnel and Procedures Manual together with a statement that her employment would be governed by the policies stated in the manual. In *Arie v. Intertherm*, 648 S.W.2d 142, 143, 153 (Mo.App.1983) this court held such document created contractual rights in the employee without evidence of mutual agreement to this effect and despite the fact that the terms could be unilaterally amended by the employer without notice. *Arie* supports the conclusion that a unilateral undertaking of this nature creates the equivalent of a contract with those employees who come within its provisions and to whom it is made known even though mutuality in the usual sense is absent. *See Enyeart v. Shelter Mutual Ins., Co.*, 693 S.W.2d 120 (Mo.App.1985). The Supreme Court in *V.S. Dicarlo Construction Co., Inc. v. State*, 485 S.W.2d 52, 56 (Mo.1972), *appeal after remand*, 567 S.W.2d 394 (Mo.App.1978) held that when the state enters into a validly authorized contract, it lays aside whatever privilege of sovereign immunity it otherwise possesses and binds itself to performance just as any private citizen. The Supreme Court stated, "our conclusion is based on the assumption that the General Assembly did not intend a contract completely lacking in mutuality—one obligating the contractor to live up to its promises but imposing no liability on the state." *Id.* at 54.

Plaintiff's allegations in Counts I and II stated a cause of action for which neither the defense of employment at will or immunity were sustainable as a matter of law. The judgment on Counts I and II are reversed and remanded as claims for breach of contract.

Counts III and IV attempt to allege a cause of action for tortious conduct in discharging plaintiff employee. Plaintiff argues that governmental immunity is inapplicable to defendant Hospital because this defendant was organized under Chapter 205 RSMo 1978 and is not a political subdivision and not entitled to the protection of sovereign immunity. Plaintiff also argues that the operation of a county hospital is a proprietary function which was not protected at the common law nor under the statute readopting the common law.

The application of the doctrine of governmental immunity to a suit against a county hospital is not an open question. In *Hannon v. Pulaski County Memorial Hospital*, 560 S.W.2d 615 (Mo.App.1978). Judge Billings writing for the Springfield District affirmed the dismissal of a suit for damages against a county hospital alleging negligence where plaintiff's cause of action accrued before the effective date of *Jones v. State Highway Commission*, 557 S.W.2d 225 (Mo. banc 1977). The enactment of § 537.600 et seq. RSMo 1978 reapplied the recognized immunity as applied to county hospitals. This court affirmed the application of the doctrine in *Gabbett v. Pike County Memorial Hospital*, 675 S.W.2d 950, 951 (Mo.App.1984). The hospital in *Gabbett* was also organized under § 205.-160 et seq. RSMo 1978. This suit for wrongful discharge is obviously not within the exceptions recognized in § 537.600 RSMo 1978, for the operation of motor vehicles or property defects. Further, in *Gabbett* we rejected plaintiff's second argument urging expansion of the nebulous distinction between governmental and proprietary actions from its present application to municipalities and school districts to county hospitals or other public entities. 675 S.W.2d at 951.

Appellant also contends that the defendant trustees and administrator are not protected by official immunity. We disagree as to the Counts in the petition alleging tortious conduct.

Official immunity, the insulation of a public officer from tort liability depends upon whether the act is discretionary or ministerial; if discretionary, the official

is immune, but if ministerial, he is subject to liability for negligent performance. *Smith v. Lewis*, 669 S.W.2d 558, 563 (Mo. App.1983). Ministerial duties of public officials are those of a clerical nature performed in obedience to mandate without exercise of judgment and therefore are not immune to suit. *State ex rel. Eli Lilly v. Gaertner*, 619 S.W.2d 761, 765 (Mo.App. 1981). Our Supreme Court in *Sherrill v. Wilson*, 653 S.W.2d 661, 669 (Mo. banc 1983) found that hiring is a discretionary function, and that there should be no right of action against a public official for alleged negligence in the hiring process. Decisions regarding firing are of the same character as hiring. Where hiring decisions are found to be a discretionary function and protected by official immunity it follows that discharging or firing is also protected.

Summary judgment is affirmed on Counts III and IV, reversed and remanded on Counts I and II but only further proceedings against defendant Madison Memorial Hospital, the alleged employer.

PUDLOWSKI, P.J., and CARL R. GAERTNER, J., concur.