The judgment of the trial court is affirmed in accordance with Rule 30.25(b).

■

**STATE of Missouri, Respondent,**

v.

**Mark EBRIGHT, Appellant.**

No. 69641.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 18, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 23, 1997.

Application to Transfer Denied
May 27, 1997.

John W. Rogers, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David R. Truman, Asst. Atty. Gen., Jefferson City, for respondent.

Before AHRENS, C.J., and CRANDALL and RHODES RUSSELL, JJ.

*ORDER*

PER CURIAM.

Defendant, Mark Ebright, appeals from the judgment entered on his conviction by a jury for murder in the first degree, § 565.020.1, RSMo 1994. Defendant was sentenced to life imprisonment without eligibility for probation or parole.

No jurisprudential purpose would be served by a written opinion. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for this order.

■

**Eli PALO, Plaintiff/Respondent,**

v.

**Gary STANGLER, Director of Missouri Department of Social Services,**

And

**Missouri Department of Social Services, Division of Child Support Enforcement, Defendants/Appellants.**

No. 70021.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 25, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 31, 1997.

Application to Transfer Denied
May 27, 1997.

Jeremiah W. (Jay) Nixon, Attorney General, Barbara J. Wood, Asst. Attorney General, Jefferson City, for defendants/appellants.

John C. Garavaglia, St. Louis, for plaintiff/respondent.

CRANDALL, Judge.

Defendants, Gary Stangler, et al., appeal from the judgment of the trial court, entered after a court-tried case, in favor of plaintiff, Eli Palo. The trial court entered judgment in the amount of $2,755.00 for money had and received as a result of defendants' collecting court-ordered child support owed by plaintiff. We affirm, as modified.

In September 1992, plaintiff's former wife applied for and received Aid to Families with Dependent Children (AFDC) benefits from the Missouri Department of Social Services, to whom she assigned her child support collection rights. In November 1994, plaintiff filed the present action against defendants, Missouri Department of Social Services, Division of Child Support Enforcement (collectively referred to as Division); and Gary Stangler, Director of Missouri Department of Social Services. Plaintiff sought reimbursement of an amount of court-ordered child support, which defendants collected from September 1992 through October 1993 pursuant to a withholding order served upon plaintiff's employer and which exceeded the amount of child support he allegedly owed during that period of time. After a hearing, the trial court entered judgment in favor of plaintiff in the amount of $2,755.00. Defendants appeal from that judgment.

In their first point, defendants contend the trial court erred in entering judgment against them because they are immune from liability based on the doctrines of sovereign immunity as to Division and of official immunity as to Stangler.

We first consider the issue of Stangler's liability. The party against whom the trial court entered judgment was denominated as "defendants," so that on its face judgment was entered against Stangler individually as well as against Division. On appeal, defendants do not raise the issue of Stangler's personal liability on the judgment; but only

address the issue of whether Stangler was immune from civil liability to plaintiff on the basis of the doctrine of official immunity. It is clear from the record, however, that plaintiff brought the action against Stangler in Stangler's representative capacity as director of the Department of Social Services and that the trial court did not intend to enter a personal judgment against Stangler. In view of the fact that Stangler is not personally liable on the judgment, it is unnecessary to reach the issue of his official immunity from civil liability to plaintiff. We therefore address the claims raised on appeal only as they relate to Division.

As to the issue of Division's immunity from civil liability, § 537.600, RSMo(1994) provides for "sovereign or governmental tort immunity" as recognized at common law. *Gavan v. Madison Memorial Hosp.,* 700 S.W.2d 124, 126 (Mo.App.1985). Section 454.400.1, RSMo(1994) establishes the Division of Child Support Enforcement within the Department of Social Services. As an entity of the State, Division is entitled to the protection of sovereign immunity. *See State ex rel. Missouri Div. of Family Serv. v. Moore,* 657 S.W.2d 32, 34 (Mo.App.1983). Although § 454.400.2(1) contains the provision that Division has the power "[t]o sue and be sued," that provision does not constitute a waiver of Division's sovereign immunity. *See id.*

We agree with Division's assertion that sovereign immunity is a defense to a tort action against a governmental entity. The present action, however, is not an action in tort; and thus the doctrine of sovereign immunity is not applicable.

An action for money had and received is proper where the defendant received money from the plaintiff under circumstances that in equity and good conscience call for defendant to pay it to plaintiff. *Perez v. Boatmen's Nat. Bank, of St. Louis,* 788 S.W.2d 296, 299 (Mo. App.1990). Such an action sounds in contract and waives all torts arising from the incident. *Id.* It is a broad and flexible action; and although the action is legal, it is based upon equitable principles. *Id.*

Division relies on *Moore,* 657 S.W.2d at 32, to support its position that sovereign immunity prevents plaintiff's action against it. The facts in *Moore* are similar to the facts in the case before us in that the plaintiff in the underlying action in *Moore* sought to recover an amount of money wrongfully withheld by the Division of Family Services (DFS) from his income tax return for child support collected pursuant to a judgment assigned to the DFS by the plaintiff's former wife. *Id.* at 33. The similarities of the present case to *Moore,* however, end there. In *Moore,* in addition to the action for money collected by the DFS, the plaintiff also sought damages for mental distress, humiliation, and loss of reputation. *Id.* At oral argument, the DFS admitted that a mistake had been made in collecting a certain amount of child support and stated that plaintiff had been reimbursed that amount. *Id.* At that point, the claims remaining before the trial court were for damages in tort. *Id.* The trial court refused to dismiss those tort claims on the ground that § 207.020.1(1), RSMo Supp.1982, providing that the DFS could "sue and be sued," constituted a waiver of sovereign immunity as to all actions against the DFS. *Id.* The appellate court reversed the lower court's decision, reaffirming that the DFS, as a governmental entity, enjoyed immunity from suit for damages in tort whether based on negligence or intentional wrong. *Id.*

The decision in *Moore* is not dispositive of the instant action. The pending claims against the governmental entity in *Moore* clearly sounded in tort and their dismissal was proper. In contrast, the present claim against Division was for money had and received and was contractual in nature. Plaintiff raised no tort claims. "The doctrine of sovereign immunity ... [has] no application to suits for breach of contract." *Gavan,* 700 S.W.2d at 126. Thus, the doctrine of sovereign immunity did not operate to bar plaintiff's action for money had and received against Division. The trial court did not err in entering judgment against Division. Division's first point is denied.

In its second point, Division contends the trial court erred in entering judgment in the

amount of $2,755.00, because that figure is not supported by the evidence. In a court-tried case, we are guided by the principles enunciated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

Here, Division's own records in the form of "Support Calculation Sheets" were introduced into evidence. Those records indicated that from September 1992 through October 1993, plaintiff owed $21,340.00 and Department collected $25,591.00 from plaintiff's wages. The difference between those numbers, less an amount of $1,496.00 already refunded to plaintiff pursuant to a previous court order, equaled $2,755.00. There was sufficient evidence to support the trial court's award of $2,755.00. Division's second point is denied.

Because we found earlier in the opinion that defendant-Stangler was not personally liable on the judgment entered in the instant action, for the sake of clarity, we correct the judgment and enter the judgment the trial court should have entered. *See* Rule 84.14. We therefore enter judgment in favor of plaintiff and against defendant-Division only in the amount of $2,755.00.

AHRENS, C.J., and ELLIS, Special Judge, concur.