S & P PROPERTIES, INC., Appellant,

v.

CITY OF UNIVERSITY
CITY, Respondent.

No. ED 85520.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 13, 2005.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 25, 2005.

Application for Transfer Denied
Dec. 20, 2005.

John Mulligan, Jr., St. Louis, MO, for respondent.

Richard Fischer, St. Louis, MO, for appellant.

David Knieriem, Clayton, MO, Co-counsel for appellant.

## OPINION

GLENN A. NORTON, Judge.

S & P Properties, Inc. filed a petition challenging the validity of and methods of enforcement used under University City's refuse collection ordinances and seeking a refund of amounts paid under the ordinances. The trial court granted the City's motion to dismiss for failure to state a claim upon which relief can be granted, and S & P appeals. We affirm.

## I. BACKGROUND

The allegations in S & P's petition are as follows. S & P purchased property in University City. The City's refuse collection ordinances authorize the imposition of a special tax bill to act as a lien on property if refuse collection fees are not paid. Under these ordinances, the City demanded payment of the outstanding balances on tax bills relating to refuse collection for the property S & P purchased and would not provide occupancy permits or inspections until the balances were paid. S & P paid some portion of the balance on those tax bills.

S & P filed suit against the City. In the first count of the petition, S & P sought a declaration that the ordinances are unconstitutional and unlawful. In the second count, it alleged that the taxes were collected mistakenly or erroneously and sought a refund under section 139.031.5 RSMo 2000.[1] In the third count, S & P claimed that, under section 88.814, the City erred in treating the refuse collection fees as a special tax bill and in collecting taxes from S & P and sought a refund. Finally, in the last count S & P sought a refund under the doctrine of unjust enrichment. The City filed a motion to dismiss for failure to state a claim upon which relief can be granted, which the court granted without further explanation. S & P appeals.

## II. DISCUSSION

A motion to dismiss for failure to state a claim is solely a test of the adequacy of the plaintiff's petition; therefore, on appeal, we accept as true all well-pled allegations in the petition and liberally grant the plaintiff all reasonable inferences drawn therefrom. *Nazeri v. Missouri Valley College,* 860 S.W.2d 303, 306 (Mo. banc 1993); *see also Freeman v. Leader National Insurance Co.,* 58 S.W.3d 590, 596 (Mo.App. E.D.2001). This Court does not attempt to weigh whether the alleged facts are credible or persuasive. *Nazeri,* 860 S.W.2d at 306. "Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Id.* Where, as here, the court does not state a reason for its dismissal, we assume the reason for dismissal is in the motion to dismiss and will affirm based on any grounds therein. *Berkowski v. St.*

---

1. All statutory references are to RSMo 2000.

*Louis County,* 854 S.W.2d 819, 823 (Mo. App. E.D.1993).

## A. Declaratory Judgment

 S & P sought a declaration that the City's refuse collection ordinances conflict with the United States Constitution, the Missouri Constitution, Missouri statutes and the City's charter and ordinances. To state a claim for declaratory relief, the plaintiff must: (1) present a justiciable controversy; (2) demonstrate a legally protected pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief; (3) show that the issue is ripe; and (4) demonstrate that he does not have an adequate remedy at law. *Lane v. Lensmeyer,* 158 S.W.3d 218, 222 (Mo. banc 2005). In its motion to dismiss, the City argued, among other things, that S & P had an adequate remedy in the tax protest procedures in section 139.031.1–.4. Those sections allow for a taxpayer to pay taxes under protest and then bring an action for recovery of those taxes. Section 139.031.1–.4. The payment under protest must be accompanied by a written statement setting forth the grounds on which the protest is based. *See* section 139.031.1. The reasons for protest stated in the accompanying statement—including statutory validity and constitutional challenges—then can be adjudicated. *See, e.g., Armco Steel v. City of Kansas City,* 883 S.W.2d 3, 5 (Mo. banc 1994) (challenging statutory validity and constitutionality through protest payment); *see also Metal Form Corp. v. Leachman,* 599 S.W.2d 922, 924–25 (Mo. banc 1980) (limiting appellate review to those issues specifically raised in the protest statement). We agree that S & P had an adequate remedy for addressing the validity and constitutionality of the refuse collection ordinances because it could request a refund after payment under protest of the taxes it believed were imposed and

collected illegally and unconstitutionally. *See Lane,* 158 S.W.3d at 222.

 An action for declaratory judgment is inappropriate if an issue can be raised by other means. *Id.* at 223. S & P has not shown that requesting a refund under section 139.031.1–.4 would not fully redress the validity or constitutionality of the ordinances or be an adequate remedy. *See id.* S & P's petition's count seeking declaratory judgment therefore did not state a claim upon which relief can be granted.

## B. Refund under Section 139.031.5

 Although it did not pay under protest and seek a refund under sections 139.031.1–.4, S & P did allege that the taxes imposed by the City under its ordinances were mistakenly or erroneously levied against it and sought refund under section 139.031.5. In its motion to dismiss, the City correctly argued that section 139.031.5 only applies to taxes levied by "county collectors of taxes, and the collector of taxes in any city not within a county" and that University City is not a county or a city outside of a county. In response, S & P cites *Crest Communications v. Kuehle* for the proposition that "an equitable action for refund will lie in some cases to prevent a city from exceeding the assessed valuation placed on property by the county." 754 S.W.2d 563, 568 (Mo. banc 1988). That holding is limited to its facts, which are completely different than the facts alleged in S & P's petition. *See Lane,* 158 S.W.3d at 222 (stating that *Crest* has been limited to its facts). S & P did not plead that the City imposed a tax in excess of the valuation made by the county; its allegations in this count related to the taxes imposed by the City, which S & P did not—and cannot—allege is a county or a city not within a county.

Therefore, S & P failed to state a claim for a refund under section 139.031.5.

## C. Refund under Section 88.814

■ S & P also sought a refund under section 88.814. Section 88.814.2 provides that "[i]n any action brought on any special tax bill the court may correct any error in the amount of the tax bill." [2] In its motion to dismiss, the City contended that S & P failed to state a claim because section 88.814 provides no legal basis for relief in this case. We agree, but not for the particular reason the City asserts.

The City argues that section 88.814 only applies to special tax bills for the public improvements outlined in section 88.812, which does not include refuse collection. But claims under section 88.814 are not that restricted. Rather, section 88.812 provides for the *creation* of special tax bills for *specified* public improvements, while section 88.814.2 provides for the *correction* of an error in *any* special tax bill. Section 88.814 does not refer to section 88.812 except with respect to requests for a public hearing about taxes levied on property, which is not at issue here. Section 88.814.3. There is no authority for the proposition that an action to correct an error in a tax bill under section 88.814 is restricted to the types of tax bills enunciated in section 88.812.

Nonetheless, S & P's assertion that the City "erred in treating the refuse collection fees as a special tax bill and in collecting said taxes from [S & P]" does not state a claim upon which relief can be granted under section 88.814. Section 88.814 does not say anything about the types of fees that can be treated as special tax bills or the ways in which special tax bills are collected. Further, section 88.814 does not provide a legal basis for the relief sought by S & P, namely, a refund of the taxes it paid. That statute relates only to errors in the amount of the tax bill and only provides for the correction of those amounts and for a public hearing. Section 88.814. Moreover, the attorney fees that S & P seeks in this count are recoverable only by one seeking to enforce a special tax bill. Section 88.814.2.

2. The full text of section 88.814 is as follows:
1. Any error made in issuing any tax bill may be corrected by the clerk of the city, town or village who issued it, or his successor in office, either by interlineations in it, or by issuing a new tax bill in lieu of the erroneous one, but when a tax bill is corrected by interlineations the date of making same shall be certified to by the clerk on the margin or back of the bill.
2. In any action brought on any special tax bill the court may correct any error in the amount of the tax bill, and in any case where it is shown that the work done was not as good as required by the contract, the court may give judgment for the reasonable value of the work chargeable against the land described in the special tax bill; and in all actions to enforce any special tax bill the court shall fix and allow a reasonable attorney fee to the plaintiff's attorney for his services in the prosecution of said action and tax the same as costs in the proceeding.

3. In all cases where work is done or improvements made and the cost thereof is assessed as a special tax, any owner of property upon which such tax is levied may request, and the legislative body of such city, town or village shall grant, a public hearing to determine whether such assessment is excessive or is levied at a greater sum than was stated in the notices required by section 88.812, RSMo. The legislative body is hereby empowered to adjust or reduce such assessment which is determined to be excessive or levied at a greater sum than was stated in the notices. If such adjustments or reductions result in the collection of special taxes insufficient to pay the costs of work done or improvements made, the city, town or village may pay the difference between costs accrued and special taxes collected out of general revenue.

S & P argues that, under *Nicolai v. City of St. Louis,* dismissal of a petition is improper if interpretation of a statute is required. 762 S.W.2d 423, 425 (Mo. banc 1988). The holding in *Nicolai,* however, applied only to the petitioner's pursuit of a declaratory judgment, which S & P does not request in this count of its petition. It is proper to construe the relevant statute to determine the propriety of granting a motion to dismiss in this case because a declaration of rights is not the relief sought. *See Bachtel v. Miller County Nursing Home District,* 110 S.W.3d 799, 801 (Mo. banc 2003).

### D. Unjust Enrichment

S & P also sought a refund on the grounds that the City was unjustly enriched by the money S & P had paid. The City argued that it was immune from liability under the doctrine of sovereign immunity and that S & P did not plead the elements of unjust enrichment.

The City's reliance on sovereign immunity is misplaced. Section 537.600 codifies and limits the common law of sovereign immunity to only tort actions. *See Gavan v. Madison Memorial Hospital,* 700 S.W.2d 124, 126–27 (Mo.App. E.D.1985). S & P did not plead a tort action in this count; it pled unjust enrichment, which is based on an implied contract. *See White v. Camden County Sheriff's Department,* 106 S.W.3d 626, 634 (Mo.App. S.D.2003).

Nevertheless, this count failed to state a claim on which relief can be granted because S & P has an adequate statutory remedy available in the protest procedures of section 139.031.1–.4, as discussed above. "[T]axes, once paid, can only be recovered through proper statutory proceedings, and ... the statutes must be adhered to." *Ackerman Buick, Inc. v. St. Louis County,* 771 S.W.2d 343, 345 (Mo. banc 1989) (affirming dismissal of

unjust enrichment claim seeking recovery of taxes paid because taxpayer could pay under protest and then seek refund).

The trial court did not err in dismissing the petition because the facts alleged in the petition do not meet the elements of a cause of action on any of its four counts. *See Nazeri,* 860 S.W.2d at 306. All points are denied.

### III. CONCLUSION

The judgment is affirmed.

CLIFFORD H. AHRENS, P.J., and NANNETTE A. BAKER, J., concurring.