Rosanne STEIN, et al., Appellants,

v.

NOVUS EQUITIES COMPANY, et al., Respondents.

No. ED 90988.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 27, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 10, 2009.

Application for Transfer Denied June 30, 2009.

William A. Brasher, Paul R. Ferber, Paul E. Littleton, Saint Louis, MO, for Appellants.

J. Vincent Keady, Jr., John C. Grellner, Clayton, MO, for Respondents.

## OPINION

GLENN A. NORTON, Judge.

Rosanne Stein, et al., several residential property owners in the Sunset Manor area ("the Manor") of the City of Sunset Hills, Missouri ("Plaintiffs"), appeal the judgment dismissing their petition against real estate developer Novus Equities Company and Jonathan Browne, Novus' chief executive officer ("Defendants"),[1] for failure to state a claim upon which relief can be granted. Plaintiffs' petition asserted claims against Defendants for fraudulent misrepresentation, negligent misrepresentation, injurious falsehood, and negligence. In their petition, Plaintiffs alleged that they were damaged by Defendants' representations about their proposed redevelopment of the Manor, and by Defendants' failure to redevelop the Manor. We affirm.

## I. BACKGROUND

The allegations in Plaintiffs' petition are as follows. In May 2004, the City of Sunset Hills issued a Request for Proposal for the redevelopment of the Manor. In response, Defendants submitted a redevelopment proposal to the City, which included a request for financial assistance in the form of tax increment financing ("TIF").

In order to have their redevelopment proposal and request for TIF approved, Defendants were required to submit a financial feasibility and cost benefit analysis to the City and to the TIF Commission. Accordingly, Defendants submitted a Pro Forma financial feasibility and cost benefit analysis ("Pro Forma") of its proposed redevelopment of the Manor to Peckam Guyton Albers & Viets, Inc. ("PGAV"), a consulting firm hired by the City. Defendants' Pro Forma proposed that the Manor be redeveloped as a shopping center. It stated that the anchor tenant for the redevelopment project would be Bass Pro Shops, and that Defendants would pay Bass Pro Shops $15 million for construction of its facility. Plaintiffs alleged that, in fact, Defendants had offered to pay Bass Pro Shops $30 million for construction of its facility, and thus failed to disclose the additional $15 million cost in the Pro Forma.

In August 2004, the City passed an ordinance designating Novus as the preferred developer of the Manor. Thereafter, Defendants entered into written option contracts with Manor property owners other than Plaintiffs ("the other property owners"). In these contracts, the other property owners agreed that Defendants would have options to purchase their property.

Then, in February 2005, PGAV prepared, on behalf of the City, a financial feasibility and cost benefit analysis based upon the information submitted by Defendants in the Pro Forma. PGAV submitted its analysis to the TIF Commission for approval. Thereafter, Defendants became aware of various changes to the redevelopment plan as it was submitted in the Pro Forma. Yet, Defendants did not submit a

---

1. We note that Plaintiffs' notice of appeal identifies Novus Development Company as an additional defendant and respondent. Novus Development Company was not listed as a defendant in Plaintiffs' petition and we are unable to discern its involvement in this case from the record. Thus, all references to "Novus" refer only to Novus Equities Company, and all references to "Defendants" refer only to Novus Equities Company and Jonathan Browne.

new financial feasibility and cost benefit analysis to PGAV, the City, or the TIF Commission with this updated information. Plaintiffs specifically alleged that Defendants knew but failed to disclose to PGAV, the City, and/or the TIF Commission: (1) that Bass Pro Shops would not be the anchor tenant in the redevelopment project; (2) that Defendants had solicited May Department Stores to be the new anchor tenant, which would occupy less square feet than Bass Pro Shops; and (3) that there would be additional construction costs for the project.

In July 2005, the City passed an ordinance authorizing Defendants to use eminent domain to acquire Plaintiffs' properties. At a meeting on August 8, 2005, Browne stated that Defendants were going to exercise their options to purchase the other property owners' homes beginning on August 22, 2005. After the August 8 meeting, many of the other property owners began stripping and salvaging materials from their homes. Plaintiffs alleged that as a result, all properties in the Manor depreciated in value. At a second meeting on August 20, 2005, Browne stated that Defendants' bank had "pulled the financing" for the purchase of the other property owners' homes. Plaintiffs alleged that Defendants knew that they never had the necessary funding in place to purchase the other property owners' homes under the option contracts or to acquire Plaintiffs' homes through eminent domain.

Defendants neither exercised their options to purchase the other property owners' homes nor acquired Plaintiffs' properties through eminent domain. Additionally, Defendants never redeveloped the Manor as a shopping center.

Subsequently, Plaintiffs filed a petition against Defendants asserting claims for fraudulent misrepresentation (Count I), negligent misrepresentation (Count II), injurious falsehood (Count III), and negligence (Count IV). Plaintiffs alleged in their petition that they were damaged by Defendants' representations about their proposed redevelopment of the Manor, and by Defendants' failure to redevelop the Manor.[2] Defendants filed their motion to dismiss Plaintiffs' petition for failure to state a claim for which relief can be granted, which the trial court granted without further explanation.[3] Plaintiffs appeal.

## II.  DISCUSSION

### A.  Standard of Review

Our review of a trial court's judgment granting a motion to dismiss is de novo. *ORF Construction, Inc. v. Black Jack Fire Protection District*, 239 S.W.3d 685, 686 (Mo.App. E.D.2007). A motion to dismiss for failure to state a claim upon which relief can be granted is solely a test of the adequacy of the plaintiff's petition. *S & P Properties, Inc. v. City of University City*, 178 S.W.3d 579, 581 (Mo.App. E.D.2005). When reviewing a motion to dismiss on appeal, we accept as true all well-pled allegations in the plaintiff's petition and liberally grant him all reasonable inferences therefrom. *Id.* This Court does not attempt to weigh whether the factual allegations are credible or persuasive. *Id.* "Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Id.* (quoting *Nazeri v. Missouri Valley Col-*

2. Any relevant factual allegations for Counts I–IV that are not set out above will be discussed below in each count's respective section.

3. The grounds within Defendants' motion to dismiss which support the trial court's dismissal of Counts I–IV will be discussed below in each count's respective section.

*lege,* 860 S.W.2d 303, 306 (Mo. banc 1993)). If the plaintiff's petition sets forth any set of facts which, if proven, would entitle him to relief, then the petition states a claim. *Lynch v. Lynch,* 260 S.W.3d 834, 836 (Mo. banc 2008). On the other hand, dismissal for failure to state a claim is proper where facts essential to recovery are not pled. *Halamicek Brothers, Inc. v. St. Louis County,* 883 S.W.2d 108, 110 (Mo.App. E.D.1994).

■ When the trial court's judgment does not specify its grounds for dismissal, we presume the dismissal was based on one of the reasons stated in the defendant's motion to dismiss. *Boulds v. Chase Auto Finance Corp.,* 266 S.W.3d 847, 849–50 (Mo.App. E.D.2008). We must affirm the dismissal as a matter of law if any ground within the motion to dismiss supports the trial court's ruling. *Id.* at 850.

**B. The Facts Alleged in Plaintiffs' Petition do not Meet the Elements of a Cause of Action for Fraudulent Misrepresentation or Negligent Misrepresentation**

In their first and second points on appeal, Plaintiffs maintain that their petition states claims for fraudulent misrepresentation (Count I) and negligent misrepresentation (Count II), and therefore, the trial court erred in dismissing these counts.

In Count I, Plaintiffs alleged in relevant part that: (1) Defendants fraudulently and intentionally provided inaccurate, false, and misleading information that would be relied upon by PGAV, the City, and all the owners of property in the Manor; (2) Defendants intentionally failed to disclose relevant material information regarding the redevelopment knowing that the information submitted in the Pro Forma was false or no longer accurate; and (3) as a result, Plaintiffs incurred damages, including a reduction in the value of their properties.

In Count II, Plaintiffs' negligent misrepresentation claim, they alleged in pertinent part that: (1) Defendants failed to exercise reasonable care or competence in providing truthful, accurate, and updated information regarding the redevelopment project; (2) Defendants sought to influence all residents of the Manor, directly or indirectly, by the false, misleading, and inaccurate information supplied to PGAV and the City; (3) Defendants should have known that there was a reasonable likelihood that a majority of the residents, PGAV, and the City would act in reliance upon their false, misleading and inaccurate representations; and (4) a majority of the residents, PGAV, and the City did so rely, thereby diminishing the value of all the homes in the Manor. Both counts alleged that "Plaintiffs . . . relied on the inaccurate, false, and misleading information made by Defendants in that they did not have any access to any other information than that presented by Defendants."

■ To state a claim for fraudulent misrepresentation, a plaintiff must plead facts that support each of the following elements: (1) a false, material representation; (2) the speaker's knowledge of the falsity of the representation, or his ignorance of its truth; (3) the speaker's intent that the hearer act upon the misrepresentation in a manner reasonably contemplated; (4) the hearer's ignorance of the falsity of the misrepresentation; (5) the hearer's reliance on the truth of the representation; (6) the hearer's right to rely thereon; and (7) the hearer's consequent and proximately caused injury. *Bohac v. Walsh,* 223 S.W.3d 858, 862–63 (Mo.App. E.D.2007). In order for a plaintiff to state a claim for negligent misrepresentation, he must plead facts to support each of the following elements: (1) the speaker supplied information in the course of his business; (2) because of the speaker's failure to exercise

reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of limited persons in a particular business transaction; (4) the hearer justifiably relied on the information; and (5) due to the hearer's reliance on the information, the hearer suffered a pecuniary loss. *Summer Chase Second Addition Subdivision Homeowners Association v. Taylor–Morley, Inc.*, 146 S.W.3d 411, 418–19 (Mo.App. E.D.2004).

Defendants' motion to dismiss asserted that Counts I and II failed to state causes of action for fraudulent misrepresentation and negligent misrepresentation because Plaintiffs' petition failed to set forth any set of facts which, if proven, would establish that Plaintiffs relied on Defendants' alleged misrepresentations. We agree.

Both fraudulent and negligent misrepresentation claims require that the plaintiff relied upon the defendant's alleged misrepresentation. *Kesselring v. St. Louis Group, Inc.*, 74 S.W.3d 809, 814 (Mo.App. E.D.2002); *See Bohac and Summer Chase, supra.* "The test of whether a plaintiff relied upon a misrepresentation is simply whether the representation was a material factor influencing final action." *Grossoehme v. Cordell*, 904 S.W.2d 392, 397 (Mo.App. W.D.1995). As stated above, in Counts I and II, Plaintiffs alleged that they "relied on the inaccurate, false, and misleading information made by Defendants in that they did not have any access to any other information than that presented by Defendants." Plaintiffs' lack of access to other information is not a final action constituting their reliance on Defendants' alleged misrepresentations. None of the allegations in Plaintiffs' petition set forth facts which, if proven, would establish that *Plaintiffs* took or refrained from taking any action in reliance upon the misrepresentations allegedly made by Defendants to PGAV, the City, and the other property owners. Thus, Plaintiffs' petition failed to set forth any set of facts which, if proven, would establish that they relied on Defendants' alleged misrepresentations. Therefore, the facts alleged in the petition do not meet the elements of a cause of action for either fraudulent misrepresentation (Count I) or negligent misrepresentation (Count II), and the trial court did not err in dismissing Counts I and II. Points one and two are denied.

**C. The Facts Alleged in Plaintiffs' Petition do not Meet the Elements of a Cause of Action for Injurious Falsehood**

In their third point on appeal, Plaintiffs assert that the trial court erred in dismissing Count III because it states a claim for injurious falsehood. In Count III, Plaintiffs alleged in relevant part that: (1) Defendants published false statements in the Pro Forma, which have directly and proximately caused harm to Plaintiffs' interests; (2) Defendants either recognized or should have recognized that the false, misleading, and inaccurate information contained within the Pro Forma would result in harm to Plaintiffs' pecuniary value in their property; (3) Defendants knew that the information contained in the Pro Forma was false; (4) as a result of Defendants' intent to deceive the City into selecting Novus as the developer for the Manor, and Defendants' failure to exercise their options to purchase the other property owners' homes, Plaintiffs have incurred damages; and (5) Plaintiffs' damages include a reduction in value of their properties due to the threat of eminent domain, the inability to have their property on the open market, and the deterioration of the entire Manor area.

Under the tort of injurious false-hood,

> one who publishes a false statement harmful to the interests of another is subject to liability for pecuniary loss resulting to the other if (a) he intends for publication of the statement to result in harm to interests of the other having a pecuniary value, or either recognizes or should recognize that it is likely to do so, and (b) he knows that the statement is false or acts in reckless disregard of its truth or falsity.

*State ex rel. BP Products North America Inc. v. Ross,* 163 S.W.3d 922, 928 (Mo. banc 2005) (internal quotations omitted).

In their motion to dismiss, Defendants argued that Count III failed to state a cause of action for injurious falsehood because Plaintiffs failed to set forth facts any facts which, if proven, would show that Defendants published false statements about Plaintiffs, their properties, or their businesses. We agree.

The tort of injurious falsehood consists of the publication of false statements about a plaintiff, his property, or his business, which cause him pecuniary loss. *Zippay v. Kelleher,* 638 S.W.2d 292, 294 (Mo.App. E.D.1981). As noted above, Plaintiffs pled in Count III that Defendants published false statements in the Pro Forma. The Pro Forma was Defendants' financial feasibility and cost benefit analysis of the proposed redevelopment of the Manor, which was submitted to PGAV in order to have their redevelopment proposal and request for TIF approved by the City and the TIF Commission. According to Plaintiffs' own allegations, the Pro Forma did not contain statements about Plaintiffs, their properties, or their businesses. Rather, the Pro Forma only contained statements about the financial feasibility and cost benefit of Defendants' redevelopment plan, including: (1) a proposal that

the Manor be redeveloped as a shopping center; (2) a statement that Bass Pro Shops was the anchor tenant for the project; and (3) a statement of the cost for construction of Bass Pro Shops' facility. Although Plaintiffs urge us to expand the tort of injurious falsehood in this case to a situation where a defendant is liable for the publication of false statements about something other than the plaintiff, his property, or his business, we decline to do so. Plaintiffs' petition failed to set forth any set of facts that, if proven, would establish that Defendants published false statements about Plaintiffs, their property, or their business. Therefore, the facts alleged in the petition do not meet the elements of a cause of action for injurious falsehood, and the trial court did not err in dismissing Count III. Point three is denied.

### D. The Facts Alleged in Plaintiffs' Petition do not Meet the Elements of a Cause of Action for Negligence

In their fourth and final point on appeal, Plaintiffs maintain that the trial court erred in dismissing Count IV because it states a claim for negligence. In Count IV, Plaintiffs alleged in relevant part that: (1) Defendants directly or indirectly supplied PGAV, the City, and all owners of property in the Manor with information that was false despite "a duty to provide truthful and accurate information regarding the redevelopment project"; and (2) as a direct and proximate result of Defendants' failure to exercise reasonable care or competence in providing truthful, accurate, and updated information, Plaintiffs incurred damages, including a reduction in the value of their properties.

To state a claim for negligence, a plaintiff must plead facts that support each of the following elements: (1) the defendant had a duty to protect the plaintiff

from injury; (2) the defendant breached that duty; and (3) the breach was the proximate cause of the plaintiff's injury. *Silva v. Construction and Abatement Services, Inc.*, 238 S.W.3d 679, 681 (Mo.App. W.D.2007).

In their motion to dismiss, Defendants argued that Count IV failed to state a cause of action for negligence because Plaintiffs' petition failed to set forth facts which, if proven, would show that Defendants owed Plaintiffs a duty. We agree.

In a negligence claim, whether a legal duty exists is a question of law. *Hallquist v. Midden*, 196 S.W.3d 601, 604 (Mo.App. E.D.2006). A legal duty owed by one party to another may arise under at least three sources: (1) the legislature; (2) the law; or (3) a contract. *Cupp v. National Railroad Passenger Corp.*, 138 S.W.3d 766, 771 (Mo.App. E.D.2004). Plaintiffs maintain that Defendants owed Plaintiffs a "duty to provide truthful and accurate information regarding the development project" because Defendants had superior knowledge not within the fair and reasonable reach of Plaintiffs, citing to *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758 (Mo. banc 2007) and *Ringstreet Northcrest, Inc. v. Bisanz*, 890 S.W.2d 713 (Mo.App. W.D.1995).

While *Hess* and *Ringstreet* both recognize that a duty to disclose information may arise where one of the parties has superior knowledge which is not within the fair and reasonable reach of the other (i.e. "where one party expressly or by clear implication places a special confidence in the other"), *Blaine v. J.E. Jones Construction Co.*, 841 S.W.2d 703, 705 (Mo.App. E.D.1992), *Hess* and *Ringstreet* both involved a fraudulent misrepresentation claim. *Hess*, 220 S.W.3d at 765–68; *Ringstreet*, 890 S.W.2d at 720–25. Plaintiffs do not cite to any authority holding that a defendant in a negligence cause of action

has a legal duty to disclose information because of his superior knowledge which is not within the fair and reasonable reach of the plaintiff.

We find that Plaintiffs' petition fails to set forth any set of facts which, if proven, would demonstrate that, in the context of a negligence cause of action, Defendants owed Plaintiffs a duty. Therefore, the facts alleged in Plaintiffs' petition do not meet the elements of a cause of action for negligence, and the trial court did not err in dismissing Count IV. Point four is denied.

### III. CONCLUSION

The trial court's judgment is affirmed.

KURT S. ODENWALD, P.J. and PATRICIA L. COHEN, J., concur.