**Kristyn F. KRUEGER and Michael T. Krueger, Respondents,**

v.

**HEARTLAND CHEVROLET, INC., Appellant.**

**No. WD 69298.**

Missouri Court of Appeals, Western District.

April 21, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 2, 2009.

Application for Transfer Denied Sept. 1, 2009.

Kevin D. Case, Esq., and Patric S. Linden, Esq., Co–Counsel, Kansas City, MO, for appellant.

Dale K. Irwin, Esq., St. Louis, MO, for respondent.

Before DIV I: HOLLIGER [1], P.J., HARDWICK and WELSH, JJ.

LISA WHITE HARDWICK, Judge.

This appeal arises from a judgment that denied Heartland Chevrolet, Inc.'s ("Heartland") motion to dismiss or compel arbitration on claims filed by Kristyn and Michael Krueger ("Kruegers"). Heartland contends the circuit court erred in denying the motion because there was a valid arbitration agreement between the parties. For reasons explained herein, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On March 16, 2006, the Kruegers purchased a used 2005 Chevrolet Trailblazer from Heartland. In the process of purchasing the vehicle, the Kruegers signed a Retail Buyer's Order, an Arbitration Addendum to Retail Buyer's Order, and a Retail Installment Contract.

Several months later, the Kruegers learned that the vehicle had previously sustained damage and extensive repairs that were not disclosed at the time of purchase. On March 16, 2007, they filed a petition against Heartland alleging fraud, violations of the Missouri Merchandising Practices Act, breach of express and implied warranties, negligence, and negligent misrepresentation for failure to disclose the true condition of the vehicle.

Heartland filed a motion to dismiss or, in the alternative, to stay the matter and compel arbitration based on the terms of the Arbitration Addendum to Retail Buyer's Order. The Kruegers opposed the motion, contending the vehicle was ultimately purchased and financed pursuant to the Retail Installment Contract, which did not reference or incorporate the Arbitration Addendum. The circuit court entered a judgment denying the motion, and Heartland appeals.

## ANALYSIS

In its sole point on appeal, Heartland contends the circuit court erred in refusing to compel arbitration because the parties entered into a valid, enforceable arbitration agreement that covers the claims asserted in the Krueger's petition. The issue of whether the motion to compel arbitration should have been granted is a legal question subject to our *de novo* review. *Paetzold v. Am. Sterling Corp.*, 247 S.W.3d 69, 71 (Mo.App.2008).

The Kruegers executed three documents in the course of purchasing a used vehicle from Heartland: a Retail Buyer's Order, an Arbitration Addendum to the Retail Buyer's Order, and a Retail Installment Contract. The Retail Buyer's Order set forth the terms of agreement based on a cash purchase of the vehicle. A "binding arbitration provision" was included in the Retail Buyer's Order. The arbitration provision was repeated verbatim in the Arbitration Addendum to the Retail Buyer's Order. The Retail Installment Contract set forth the terms of agreement based on a credit purchase of the vehicle. The Retail Installment Contract does not contain an arbitration provision and makes no reference to either the Retail Buyer's Order or the Arbitration Addendum to the Retail Buyer's Order.

Heartland argues that the Kruegers were bound by all three contracts related to the purchase of the vehicle. Based on the arbitration provisions in the Retail Buyer's Order and the Addendum, Heartland contends the Kruegers' were obligated to arbitrate any claims arising from the

---

1. Judge Holliger was a member of this court when this case was submitted; however, he has since retired from the court.

purchase. However, the Kruegers argue that the only controlling agreement is the Retail Installment Contract because they ultimately purchased the vehicle on a credit basis. They assert that a merger provision in the Retail Installment Contract caused that document to supersede or replace the Retail Buyer's Order and Arbitration Addendum. Because the Retail Installment Agreement does not contain an arbitration provision, the Kruegers contend they cannot be required to arbitrate their claims against Heartland.

Heartland responds that the Retail Installment Contract is merely a loan document that "implemented" the cash purchase set forth in the Retail Buyer's Order. Thus, Heartland argues the Retail Installment Contract is not a separate contract, and the complete purchase agreement of the parties is only reflected when the three executed documents are read together.

We disagree that the Retail Installment Contract cannot be read as a stand-alone contract. Consistent with its title, the opening paragraph clearly references the document as a "contract" that sets forth the terms of purchase for the vehicle.

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the Motor Vehicle (Vehicle) and services described below.

Notably, the Retail Installment Contract does not refer to or incorporate any other documents executed by the parties. In fact, the contract includes a merger clause that specifically states it is the complete and exclusive agreement of the parties:

Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect you (borrower(s)) and us (creditor)

from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, *which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.*

(Emphasis added.)

Heartland argues the words "such matters" in this paragraph refers back to the financing issues in the previous sentence and limits the merger clause to those financing issues. We agree the words "such matters" refer back to the financing issues, but the phrase which follows (in italics above) stands apart in identifying the "the writing" as the complete and exclusive agreement between Heartland and the Kruegers.

Based on this merger clause, we conclude the Retail Installment Contract was intended to supersede the Retail Buyers Order and its accompanying Arbitration Addendum in situations such as this, where the vehicle was purchased on a credit basis. This conclusion is supported by our decision in *Walker Mobile Home Sales, Inc. v. Walker*, 965 S.W.2d 271 (Mo. App.1998).

In *Walker*, a buyer signed a purchase agreement to acquire a mobile home from a mobile home dealer. *Id.* at 273. The buyer also signed a retail installment agreement for credit financing of the purchase. *Id.* A finance company initially approved the buyer's credit application, but later declined to provide the loan. At that point, the buyer began making monthly payments directly to the mobile home dealer pursuant to the retail installment agreement. *Id.* at 274. The dealer rejected those payments and sued the buyer for the cash price of the mobile home. *Id.* at 272. The circuit court entered judgment in the dealer's favor. *Id.* at 272–73.

The judgment was reversed on appeal. This court held that the installment contract superseded any other contracts between the parties because it contained a clause stating that it was "the only agreement." *Id.* at 275. As a result, the installment contract became the only document governing the terms of the purchase, and the cash purchase agreement could not be enforced. *Id.* The dealer argued it never intended to finance the mobile home purchase, but the court found nothing in the installment contract to support that conclusion. *Id.* Had the Seller wanted to condition its credit sale on the approval of third-party financing, it could easily have added such a provision but did not do so. *Id.*

Similarly, here, Heartland is bound by the terms of the Retail Installment Contract as the complete and exclusive agreement with the Kruegers for the purchase of the vehicle. Heartland could have included or incorporated an arbitration provision in the Retail Installment Contract but did not do so. The circuit court properly denied the motion to compel arbitration because the Retail Installment Contract is the only agreement controlling the sale and purchase of the vehicle, and it does not require the parties to submit their disputes to binding arbitration.

Heartland refers us to *Boulds v. Chase Auto Financial Corp.*, 266 S.W.3d 847, 851 (Mo.App.2008), for the proposition that "even in the absence of explicit incorporation, instruments executed at the same time, by the same contracting parties, for the same purpose, and in the course of the same transaction will be considered and construed together." Under facts remarkably similar to those in the instant case, the Eastern District of this court concluded the financier stood in the shoes of the seller and could enforce arbitration.

However, there is no indication in *Boulds* that the retail installment contract contained a merger clause, which distinguishes it from this case. Moreover, the buyer in *Boulds* conceded that she was required to arbitrate with the seller. The only question for the court in *Boulds* was whether the loan company could also compel arbitration. That contrasts sharply with the instant case, where the merger clause controls and arbitration cannot be compelled.[2]

### CONCLUSION

We affirm the circuit court's judgment.

All Concur.

---

**2.** After oral argument, counsel for Heartland referred us to the opinion in *Kates v. Chad Franklin National Auto Sales North, LLC*, No. 08–0384–CV–W–FJG, 2008 WL 5145942 (W.D.Mo., Dec.1, 2008), where a separate arbitration agreement was executed as part of a motor vehicle purchase along with a cash sale contract and a retail installment contract. The court found the arbitration agreement enforceable. Like *Boulds*, the holding in *Kates* is inapplicable because the retail install-ment contract in that case did not contain a merger clause. The merger clause was found in the cash sale contract, which incorporated the retail installment contract and arbitration agreement by specific reference. Therefore, all three documents were read together and the arbitration agreement applied to the installment purchase. Here, the retail installment contract contained the merger clause with no mention of the arbitration agreement or other contracts.