v.

**STATE of Missouri, Respondent.**

No. 67580.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 29, 1995.

Before REINHARD, P.J., and KAROHL and WHITE, JJ.

*ORDER*

■

**W.B., Plaintiff/Appellant,**

v.

**M.G.R., T.J.R. and M.E.R., Defendants/Respondents.**

No. 66548.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Aug. 29, 1995.

---

4. Defendant's motion to dismiss mother's appeal,    taken with the case, is herein denied.

he is the father of a minor child ("M.E.R.").[1] We affirm.

At the time of M.E.R.'s birth, her mother ("Mother") was married to Defendant M.G.R. ("Defendant"). Mother and Defendant were first married on October 16, 1976 and three children were born during the marriage, two sons and M.E.R. Mother and Defendant were separated on June 25, 1984, ten days after M.E.R.'s birth. A decree of dissolution was entered on October 3, 1984. In the decree, the court found that the three children were born of the marriage, awarded custody of all three children to Mother and ordered Defendant to pay child support.

Mother and Defendant married a second time on February 2, 1985. That marriage was dissolved on June 8, 1992. In that decree, the court again found that all three children were born of the marriage, awarded custody of all three children to Mother and ordered Defendant to pay child support.

Two months after the second dissolution, Mother married Plaintiff. Thereafter, on January 26, 1993, the court entered an order modifying the decree and transferred custody of the two sons from Mother to Defendant. Custody of M.E.R. remained with Mother. Child support for all three children was terminated.[2]

On February 17, 1993, Plaintiff filed a two count petition seeking a declaration that he was the biological father of M.E.R. In support of his petition, he attached an affidavit signed by him and Mother acknowledging his paternity of M.E.R.

Defendant's first motion to dismiss was denied. On May 17, 1994, Defendant filed a second motion to dismiss asserting that the petition failed to state a cause of action and was barred by the applicable statute of limitations. The trial court sustained that motion without specifying the grounds for its ruling and Plaintiff appealed.

In his sole point on appeal, Plaintiff asserts the trial court erred in granting the

William B. Beedie, Farmington, for appellant.

John P. Heisserer, Cape Girardeau, Kevan L. Karraker, Farmington, for respondents.

CRAHAN, Judge.

W.B. ("Plaintiff") appeals the dismissal of his cause of action seeking a declaration that

---

1. On the court's own motion, we have changed the style of the case to protect the identity of the minor child.

2. Plaintiff moved to intervene in the modification proceeding but it appears to have been denied by the court's omnibus denial of all other pending motions in the modification order. In any event, Plaintiff withdrew his motion to intervene on February 16, 1993.

motion to dismiss. Because the trial court did not specify its reasons for dismissing the petition, we presume the court acted for one of the reasons stated in Defendant's motion to dismiss. *Johnston v. Norrell Health Care, Inc.,* 835 S.W.2d 565, 567 (Mo.App.1992). We will affirm the order of dismissal if any ground supports the motion, regardless of whether the trial court relied on that ground. *Kahn v. Kahn,* 846 S.W.2d 219, 222 (Mo.App. 1993).

■ In their briefs, both parties focus on the propriety of dismissing the action as barred by the applicable statute of limitations. Before addressing that issue, however, it is first necessary to determine whether the petition states a cause of action under the Uniform Parentage Act ("UPA"). The UPA is the exclusive means for determining paternity in Missouri. *P.L.K. v. D.R.K.,* 852 S.W.2d 366, 368 (Mo.App.1993).

The UPA contains specific procedures governing determination of paternity or nonpaternity which differ in certain respects depending on whether the child has a "presumed father" and the factual setting that gives rise to the presumption. There is no dispute that Defendant is M.E.R.'s "presumed father" under the UPA because he and Mother were married at the time M.E.R. was born. § 210.822.1(1) RSMo 1994.[3] Plaintiff acknowledges in his petition that Defendant and Mother were lawfully married when M.E.R. was born.

Plaintiff urges that this action is authorized pursuant to § 210.826.2, which permits "any interested party" to bring an action at any time to determine the existence of a father and child relationship presumed under § 210.822.1(4). Section 210.822.1(4) provides:

A man is presumed to be the natural father of a child if:

(4) He acknowledges his paternity of the child in an affidavit which is also signed by the natural mother and filed with the bureau. If another man is presumed under this section to be the child's father, acknowledgement may be accomplished only with the written consent of the presumed father or after the presumption has been rebutted.

■ By their express terms, neither § 210.826.2 nor § 210.822.1(4) authorize this action to declare Plaintiff to be the natural father of M.E.R. Section 210.826.2 only authorizes an action to determine the existence of a father and child relationship "presumed under subdivision (4) of subsection 1 of section 210.822." Although Plaintiff filed an affidavit in which he attempted to satisfy the first sentence of § 210.822.1(4), the petition on its face establishes that another man is the presumed father by virtue of § 210.822.1(1). Thus, Plaintiff's attempted acknowledgement of paternity is insufficient to raise a presumption that he is the child's presumed father absent Defendant's written consent or a prior declaration that the presumption that Defendant is the father has been rebutted. Plaintiff has neither pled such consent nor sought a declaration establishing the nonexistence of a father and child relationship between Defendant and M.E.R.[4] Therefore, any attempt to obtain a declaration that Plaintiff is the natural father of M.E.R. is premature and fails to state a claim upon which relief can be granted.

Because the cause of action Plaintiff attempted to assert is premature, it should have been dismissed without prejudice.[5] With that clarification, we affirm the judgment.

GRIMM, C.J., and SIMON, J., concur.

---

3. All statutory references are to RSMo 1994 unless otherwise indicated. Although certain sections of the statute were significantly amended in 1993, those amendments did not affect any of the sections we find controlling in this case.

4. Because the petition does not seek a declaration of the nonexistence of a father and child relationship between Defendant and M.E.R., we

need not decide whether Plaintiff is authorized to maintain such an action pursuant to the 1993 amendments to § 210.826.1.

5. The trial court did not specify whether its judgment was with or without prejudice although both parties have treated it as judgment on the merits. *Cf.* Rule 67.03.