Diane M. BOULDS, Appellant,

v.

CHASE AUTO FINANCE
CORP., Respondent.

No. ED 90525.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 23, 2008.

Mitchell B. Stoddard, Consumer Law Advocates, St. Louis, MO, for appellant.

Mayer S. Klein, Michael J. Payne, Siegel & Klein, P.C., St. Louis, MO, for respondents.

KENNETH M. ROMINES, Judge.

### Introduction

Diane Boulds appeals the judgment of the Circuit Court of St. Louis County, the Honorable James R. Hartenbach, presiding, dismissing her fraud claim against Chase Auto Finance Corp., the assignee of a contract for purchase of an automobile between Boulds and Dick Dean Economy Cars, Inc. We consider first whether she properly articulated a claim against Chase, and then whether the binding arbitration agreement in her contract with Dean applies to suits against Chase. Because we agree the arbitration provision applies, we affirm the trial court's dismissal of Bould's claim.

### Factual and Procedural Background

On 31 July 2006, Appellant Diane Boulds purchased an automobile from Dick Dean Economy Cars, Inc. ("Dean"). Her contract with Dean included a Retail Buyer's Order,[1] an Arbitration Addendum to Retail Buyer's Order ("arbitration agreement"), and a Retail Installment Contract. At the bottom of the Retail Installment Contract is a section labeled "Assignment." Dean filled out this portion of the contract, assigning it to Chase Auto Finance Corp. ("Chase"). This contract also included federally mandated language stating "Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller

of goods or services obtained pursuant hereto or with the proceeds hereof...." See 16 C.F.R. § 433.2 [hereinafter FTC holder rule].

Approximately two months after Boulds purchased the car, she learned that it had previously suffered damage in a collision, a fact Dean left undisclosed. Boulds contacted Dean and demanded a rescission of their contract, which Dean refused. Boulds filed suit against Dean under the Missouri Merchandising Practices Act (MMPA), alleging fraud in failing to disclose the true state of the car she purchased. Boulds also sued Chase as Dean's assignee. Dean moved to dismiss the lawsuit, citing the binding arbitration agreement Boulds had signed as part of her contract with Dean. Boulds then voluntarily dismissed her claim against Dean. Chase also filed a motion to dismiss, arguing three grounds: 1) that the arbitration agreement Boulds signed also applied to suits against Chase; 2) that regardless, the FTC holder rule applies only to defenses and not to claims according to § 408.405 RSMo.[2]; and 3) that even if the FTC holder rule does allow Boulds' claim, her suit is time-barred by § 408.405. The trial court summarily granted Chase's motion to dismiss. Boulds appeals.

### Standard of Review

 Our review of a trial court's order granting a motion to dismiss is *de novo*. *Adams v. Union Planters Bank, N.A.*, 201 S.W.3d 539, 542 (Mo.App. E.D. 2006). Because the trial court did not specify its grounds for dismissal, we pre-

---

1. Discerning the identity of these documents was difficult from the record. The document the parties refer to as the Retail Buyer's Order is actually untitled, but internally refers to itself as "this Order" and "purchase order."

The parties also refer to it as the sales contract.

2. All statutory references are to RSMo. (2000) unless otherwise indicated.

sume the court acted on one of the reasons stated in the motion to dismiss. *E.g., W.B. v. M.G.R.*, 905 S.W.2d 134, 136 (Mo.App. E.D.1995). We affirm the dismissal as a matter of law if any ground within the motion to dismiss supports the ruling, regardless of whether or not the trial court actually relied on that ground. *Id.*

### Discussion

We first address Chase's point II, which essentially argues Boulds failed to state a proper claim because § 408.405 precluded her claim. We first decide this issue, and then we shall address whether the arbitration agreement applies.

### Applicability of § 408.405

■ Chase argues that Boulds could not raise this claim against Chase because § 408.405 limits her action to defenses or setoffs only. This section reads:

> The rights of a holder or assignee of an instrument, account, contract, right, chattel paper or other writing other than a check or draft, which evidences the obligation of a natural person as buyer, lessee, or borrower in connection with the purchase or lease of consumer goods or services, are subject to all defenses and setoffs of the debtor arising from or out of such sale or lease, notwithstanding any agreement to the contrary, only as to amounts then owing and as a matter of defense to or setoff against a claim by the holder or assignee; provided, however, with respect to goods only, the rights of the debtor under this section may be asserted to the seller at the address at which he did business at the time of the sale and must be so asserted within ninety days after receipt of the goods.

Chase argues that the statute prohibits Boulds from bringing her fraud claim affirmatively because it includes the language "only ... as a matter of defense or setoff...." Chase argues Boulds must instead wait for the scenario in which Chase sues her for nonpayment, and then she may assert fraud as a defense. However, Chase advances a troubling interpretation of § 408.405, both because it betrays the wording and purpose of the statute, and because the result leaves the buyer with no recourse beyond waiting to be sued.

■ Section 408.405 exists to preserve defenses for buyers of consumer goods against holders who would otherwise claim they took titles to the goods free of any defenses or claims. *Chrysler Fin. Co., L.L.C. v. Flynn*, 88 S.W.3d 142, 149 (Mo. App. S.D.2002) (citing *Roosevelt Fed. Sav. & Loan Ass'n v. Crider*, 722 S.W.2d 325, 327–28 (Mo.App. S.D.1986)). It is a remedial statute, enacted to protect consumers. "[Where] the statute is remedial ... it should be construed so as 'to meet the cases which are clearly within the spirit or reason of the law, or within the evil which it was designed to remedy, provided such interpretation is not inconsistent with the language used ... resolving all reasonable doubts in favor of applicability of the statute to the particular case.'" *Roosevelt Sav. & Loan Ass'n*, 722 S.W.2d at 328 (citing *State ex rel. LeFevre v. Stubbs*, 642 S.W.2d 103, 106 (Mo.1982)); *see also Drew v. Chrysler Credit Corp.*, 596 F.Supp. 1371, 1376 (W.D.Mo.1984).

■ The problem with Chase's analysis is that it takes the phrase "only ... as a matter of defense or setoff against a claim by the holder or assignee" of out context: those words do not modify the *consumer's* assertion of his or her rights, rather they modify the "defenses and setoffs" to which a *holder's* rights are subject.[3] Section

---

**3.** Chase's argument is not entirely without support in case law: the U.S. Court of Ap-

408.405 concerns only these defenses or setoffs, not claims. Boulds raised her claim under the MMPA, which is in the preceding chapter of the Missouri Statutes and is unaffected by § 408.405.

 Thus Chase's next argument, that the statute of limitations in § 408.405 barred Boulds' claim, is similarly without merit. The statute's scope does not include her claim; thus its time limits cannot apply to her claim. Boulds brought her claim under the MMPA, chapter 407.-RSMo. The MMPA contains no statute of limitations, and therefore the five-year period for civil actions laid out in § 516.120(1) applies. *Ullrich v. CADCO, Inc.*, 244 S.W.3d 772, 778 n. 3 (Mo.App. E.D.2008). Boulds' claim was not time-barred.

### Applicability of Arbitration Agreement

 Having determined that Boulds raised a proper claim against Chase, we must now determine whether her case was nevertheless properly dismissed because of her signed agreement to binding arbitration. We consider first whether the agreement applied to suits against Chase; then if so, whether this claim fell under the agreement's exceptions.

### Applicability to Chase

As stated above, Boulds and Dean signed three documents: the Retail Buyer's Order, the Arbitration Addendum to Retail Buyer's Order, and the Retail Installment Contract. It is on this third document that Dean's assignment to Chase appears. Boulds argues that this means she has no arbitration agreement with Chase because the Retail Installment Contract was a separate document and only that document was assigned to Chase.

 We disagree. It is true that nothing in the Retail Installment Contract mentions arbitration. However, even in absence of explicit incorporation, instruments executed at the same time, by the same contracting parties, for the same purpose, and in the course of the same transaction will be considered and construed together. *See Jennings v. Todd*, 118 Mo. 296, 24 S.W. 148, 150 (1893); *Keeley v. Indem. Co. of Am.*, 222 Mo.App. 439, 7 S.W.2d 434, 437 (1928). All three documents were signed by Boulds together, and the arbitration agreement states that it is "part of your contract with the dealer." Boulds' overall contract with Dean includes all three documents, and it is clear the parties intended the arbitration agreement to cover all disputes save the exceptions listed in the agreement itself. Boulds knew when she signed these documents that if a problem with Dean ever arose, an arbitrator would resolve it.

At some point, Dean assigned its interest to Chase.[4] At that time, Chase assumed the contract as Dean had it—including the contract's arbitration agreement. We should not allow Boulds to sidestep her arbitration obligation merely because Chase financed her purchase. Such a result subjects banks, who have no part in negotiating the contracts in the first place, to potentially higher liability than sellers that did, and would likely discourage banks' participating in these markets. We decline to interpret this contract against the parties' clear intent and public policy.

---

peals for the Eighth Circuit similarly misconstrued the statute in *Taylor v. United Missouri Bank of Kansas City*, 693 F.2d 63, 65 n. 5. (8th Cir.1982).

4. The parties filled out assignment section on the Retail Installment Contract but left the date blank.

Additionally, the FTC holder rule included in the Retail Installment Contract puts the holder in the shoes of the seller. *See Oxford Fin. Cos. v. Velez,* 807 S.W.2d 460, 463 (Tex.App.1991). Just as liability of the holder is as broad as that of the seller under the FTC holder rule, the liability of the holder should be subject to the same limitations as that of the seller. Boulds conceded that she could not bring her claim against Dean because of the arbitration agreement. Therefore, just as she could not bring this claim in court against Dean, she may not do so against Chase. *Accord Diaz v. Paragon Motors of Woodside, Inc.,* 424 F.Supp.2d 519, 544 (E.D.N.Y.2006) (interpreting FTC holder rule to mean that because buyer could not assert claim against seller, buyer could also not assert against holder). This comports with the purpose of the federal rule: it exists to preserve consumer rights against holders, *see* 57 Fed.Reg. 28814–02 (29 June 1992); not to give buyers *greater* rights against holders than they would have had against sellers. Hence the federal purpose also comports with policy considerations discussed above.

### Applicability to this Action

■ Therefore, our only remaining question is whether the arbitration agreement contains an exception for the claim Boulds brought against Chase. The agreement states, "[A]ll claims or disputes arising between the parties to this Agreement (but excluding controversies between [Boulds] and third parties arising out of any retail installment contract, ... ) shall be settled by binding arbitration...." Boulds argues this is a claim between her and a third party arising out of the retail installment contract, and thus by its own terms, the arbitration agreement does not apply.

We disagree. This case did not arise out of the retail installment contract; Boulds brought it under the MMPA. Chase is not a third party but rather the assignee of Dean and a party to the arbitration agreement thereby. The arbitration agreement includes Boulds' claim against Chase, and therefore she must arbitrate this dispute.

### Conclusion

While Chase incorrectly argues that § 408.405 limits Boulds' rights to asserting only defenses or setoffs, Boulds nevertheless may not bring this claim because she agreed to binding arbitration in her contract with Dean. When Dean assigned the contract to Chase, Chase became a party to the arbitration provisions contained therein. This claim does not fall under any exceptions listed in the arbitration agreement, thus Boulds is left to seek recourse through arbitration. The trial court properly dismissed her claim.

AFFIRMED.

NANNETTE A. BAKER, C.J. and LAWRENCE E. MOONEY, J., concur.