Diane M. BOULDS, Appellant,

v.

DICK DEAN ECONOMY CARS, INC., Respondent.

No. ED 92967.

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 12, 2010.

Mitchell B. Stoddard, St. Louis, MO, for appellant.

Charles H. Steib, St. Louis, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Diane M. Boulds appeals from the judgment of the Circuit Court of St. Louis County granting Dick Dean Economy Cars, Inc.'s ("Dean's") motion to dismiss her claim under the Missouri Merchandising Practices Act ("MMPA") based on the arbitration agreement contained in the parties' contract to purchase a car. Boulds contends that the trial court erred in granting Dean's motion because: (1) Dean waived its right to enforce the arbitration agreement by refusing to arbitrate upon Boulds' demand and failing to comply with the American Arbitration Association's ("AAA's") Consumer Rules as required by the parties' agreement; and (2) the one-year limitations period contained in the arbitration agreement is unconscionable and should not be enforced. We reverse and remand.

### Background

On July 31, 2006, Boulds purchased a car from Dean. Boulds' contract with Dean included an Arbitration Addendum to Retail Buyer's Order ("Arbitration Agreement"), which provided in pertinent part:

> The parties shall first seek to resolve any controversy between them by promptly negotiating with each other in good faith and if such negotiations are unsuccessful then any and all claims or disputes arising between the parties to the Agreement ... shall be settled by binding arbitration.... Either party may demand arbitration by providing the other party with written notice of such demand and thereupon the matter will be deemed to be submitted to arbitration by providing the other party with written notice of such demand....

\*   \*   \*

> The arbitration shall be governed by the American Arbitration Association's Commercial Arbitration Rules unless otherwise expressly agreed by the parties. The Federal Arbitration Act shall govern issues of arbitration.

\*   \*   \*

> Each party shall pay the cost of the arbitrator which it selected ... and one-half the cost of the third arbitrator or if a single arbitrator is agreed upon by the parties then one-half of such single arbitrator. In consideration of the prompt resolution which is occasioned by the parties' joint agreement to use arbitration to resolve their disagreements hereunder, they jointly: (i) waive the right to the award of punitive or exemplary damages in excess of $5000; (ii) waive any and all claims of wrongful conversion; ...; and (iv) agree that any and all claims for arbitration must be made

within one year from the date the claim or cause of action first arises.

\* \* \*

The parties agree that, at least in part, they have agreed to arbitration in order to expedite the hearing and resolution of the subject disagreement and for this reason, the arbitrator(s) are expressly authorized to assess costs (including attorneys fees and arbitration fees) which are attributable to any delay which is occasioned by a party's failure to fully and completely cooperate with the scheduling of hearings or selection of arbitrators against such party. A party's failure to cooperate shall include any and all reasons, conflicts or matters except for legitimate and material reasons which are solely outside the party's control.

Approximately two months after purchasing the automobile, Boulds learned that the vehicle was previously damaged in a collision. Boulds contacted Dean and requested a refund, but Dean refused.

On February 20, 2007, Boulds filed suit against Dean and Chase Auto Finance Corp. under the Missouri Merchandising Practices Act (Mo.Rev.Stat. § 407.020 *et seq.*), alleging that Dean had fraudulently concealed material facts regarding the automobile she purchased. In response, Dean filed a motion to dismiss citing the parties' Arbitration Agreement. Before

the trial court ruled on Dean's motion, Boulds voluntarily dismissed Dean from the lawsuit, but proceeded with her claim against Chase. Chase subsequently filed a motion to dismiss, which the trial court granted. Boulds appealed, and we affirmed the trial court's judgment finding that Boulds was required to arbitrate her claim against Chase. *Boulds v. Chase Auto Fin. Corp.*, 266 S.W.3d 847 (Mo.App. E.D.2008).

Following our decision, Boulds initiated arbitration with the AAA with respect to her claim against Dean.[1] Thereafter, on October 28, 2008, the AAA notified Dean by letter of Boulds' demand for arbitration. In the letter, the AAA also requested that Dean remit $875.00 for administration fees and the arbitrator's compensation, which was a "filing requirement under the Consumer Rules",[2] and that Dean waive certain provisions of the Arbitration Agreement the AAA determined were "a material or substantial deviation from the Rules and/or Protocol."[3]

On November 4, 2008, Dean informed the AAA that it "respectfully declined to participate in the arbitration in this matter." Dean cited the provision in the Arbitration Agreement stating: "Parties ... jointly ... agree that any and all claims for arbitration must be made within one year from the date the claim or cause of action arises." Dean asserted that be-

---

1. The Arbitration Agreement provided that "[t]he arbitration shall be governed by the American Arbitration Association's Commercial Arbitration Rules unless otherwise expressly agreed by the parties."

2. Although the AAA's Commercial Arbitration Rules were not included in the record before this court, the correspondence from the AAA indicates that the Supplementary Procedures for Consumer Related Disputes ("Consumer Rules") are a subset of the Commercial Arbitration Rules.

3. Specifically, the AAA required that Dean waive the following provisions:

1. Each party shall pay one-half of the cost of the single arbitrator;
2. The parties waive the right to the award of punitive or exemplary damages in excess of $5,000; and
3. The parties waive any and all claims for wrongful conversion.

cause Boulds purchased the car on July 31, 2006, "the aforementioned provision precludes any Arbitration in this matter after July 31, 2007."

On November 12, 2008, the AAA notified Boulds and Dean that it was ready to proceed with arbitration and again advised Dean to waive the conflicting provisions in the Arbitration Agreement and remit the outstanding $875.00 in administrative fees. On November 26, 2008, Dean again declined to arbitrate based on Boulds' failure to initiate arbitration within the one-year limitations period.

The AAA responded on December 3, 2008 and for the third time advised Dean to waive the conflicting provisions and remit the outstanding $875.00. In its letter to Dean, the AAA warned:

> **Please note: Should Dick Dean Economy Cars not comply with our request to adhere to our policy regarding customer claims, we will decline to administer this and any other consumer disputes involving them and request that Dick Dean Economy Cars remove the AAA name from its arbitration clause so that there is no confusion to the public regarding our decision.**

(emphasis in the original).

Dean did not respond to the AAA's letter, and on December 12, 2008, the AAA notified the parties:

> As of this date we have not received the required waiver and fees from Dick Dean Economy Cars in this matter. Accordingly we must decline to administer this case.
>
> \*    \*    \*
>
> Further, since [Dean] has not complied with our request to adhere to our policy regarding consumer claims, we must decline to administer any other consumer disputes involving this business. We request that [Dean] remove the AAA

name from its arbitration clause so that there is no confusion to the public regarding our decision.

After Dean refused to participate in arbitration, Boulds re-filed her claim against Dean in circuit court. Dean filed a motion to dismiss contending that "the binding arbitration agreement entered by [Boulds] and [Dean] precludes litigation of this matter and the binding arbitration agreement entered by [Boulds] and [Dean], containing a one year limitation to arbitrate, precludes arbitration of this matter."

Boulds responded to Dean's motion and argued that Dean, by refusing to arbitrate and comply with the AAA rules and administrative requirements, waived its right to arbitrate. After a hearing, the trial court entered its judgment granting Dean's motion to dismiss. In its judgment, the trial court held: "The validity and enforceability of the Arbitration Addendum to Retail Buyer's Order was affirmed in *Diane M. Boulds v. Chase Auto Finance Corp.*, 266 S.W.3d 847 (Mo.App. E.D.2008). 'Boulds knew when she signed these documents that if a problem with Dean ever arose, an arbitrator would resolve it.' *Id.* at 851." The trial court did not address Dean's argument that the Arbitration Agreement's one-year limitations period precluded arbitration. Boulds appeals.

### Standard of Review

■ We review a trial court's grant of a motion to dismiss *de novo*. *Boulds,* 266 S.W.3d at 849. We review the question of waiver *de novo*. *Major Cadillac, Inc. v. General Motors Corp.,* 280 S.W.3d 717, 722 (Mo.App. W.D.2009).

### Discussion

■ In her first point, Boulds does not contest the trial court's determination re-

garding the validity of the Arbitration Agreement, but rather contends that the trial court erred in granting Dean's motion to dismiss because Dean waived its right to enforce the Arbitration Agreement. Specifically, Boulds argues that Dean waived its right to rely on the Arbitration Agreement because it refused to participate in an arbitration and failed to abide by the terms of the Arbitration Agreement regarding compliance with the AAA's rules.

Where, as here, an arbitration agreement affects interstate commerce, the agreement is governed by the Federal Arbitration Act (FAA) and, "shall be valid, irrevocable, and enforceable, *save upon such grounds as exist at law or in equity for the revocation of any contract.*"[4] 9 U.S.C. § 2 (2009) (emphasis added); *see Major Cadillac,* 280 S.W.3d at 721 (Mo. App. W.D.2009). Under the FAA, an arbitration agreement may be invalidated through state law contract defenses such as waiver or repudiation. *See Village of Cairo v. Bodine Contracting Co.,* 685 S.W.2d 253, 260–61 (Mo.App. W.D.1985).

■ "Waiver is founded upon the intentional relinquishment of a known right." *In re Estate of Hayes,* 941 S.W.2d 630, 633 (Mo.App. E.D.1997). Whether a party's actions constitute a waiver of the right to arbitrate depends on the facts of each case. *McIntosh v. Tenet Health Sys. Hosps., Inc./Lutheran Med. Ctr.,* 48 S.W.3d 85, 89 (Mo.App. E.D.2001). "A party waives its right to arbitrate if it (1) had knowledge of the existing right to arbitrate, (2) acted inconsistently with that right, and (3) prejudiced the party opposing arbitration." *Id.* A strong presump-

tion exists against waiver, and we resolve in favor of arbitration any doubt as to whether a party has waived arbitration. *Id.*

■ With respect to the first element of the test for waiver, Dean claims that it "had no knowledge of the existing right (in Boulds) to arbitrate."[5] Resp.'s Brief at 16 (parenthetical in the original). The record, however, establishes that Dean clearly knew of its right to arbitrate because Dean drafted the Arbitration Agreement. *See, e.g., Major Cadillac,* 280 S.W.3d at 722 (finding that a party knew arbitration clause existed because the party had drafted the contract); *Getz Recycling, Inc. v. Watts,* 71 S.W.3d 224, 229 (Mo.App. W.D. 2002) (same). Moreover, Dean relied on the parties' Arbitration Agreement in its motion to dismiss Boulds' first lawsuit and referred to it in its correspondence with the AAA.

■■ With regard to the second element of the test for waiver, we consider whether Boulds established that Dean acted inconsistently with its assertion of the Arbitration Agreement as a bar to suit. "Inconsistency is found from the conduct which prevents arbitration, or makes that recourse impossible. . . ." *Village of Cairo,* 685 S.W.2d at 261. Specifically, a party who fails to follow the procedural steps required by the arbitration agreement acts inconsistently with its right to arbitrate. *See Batter Bldg. Materials Co. v. Kirschner,* 142 Conn. 1, 110 A.2d 464, 470 (1954); *see also In re Aller's Petition,* 47 Cal.2d 189, 195, 302 P.2d 294, 297 (Cal. 1956) ("[A] failure by a party to proceed to arbitrate in the manner and at the time provided in the arbitration provision is a

---

4. Additionally, the Arbitration Agreement expressly provides: "The Federal Arbitration Act shall govern issues of arbitration."

5. By claiming that it was unaware of Boulds' right to arbitrate, Dean demonstrates a misunderstanding of the elements of waiver. The knowledge element refers to Dean's right to arbitrate, rather than Boulds' right.

waiver of the right to insist on arbitration as a defense to an action on the contract."). Additionally, a party who proceeds in a judicial forum for the resolution of an otherwise-arbitrable dispute acts inconsistently with the right to arbitrate. *Viking Packaging Techs., Inc. v. Prima Frutta Packing, Inc.*, 629 F.Supp.2d 883, 884 (E.D.Wis.2009).

■ As an initial matter, Dean does not contest Boulds' assertion that it acted inconsistently with its invocation of the Arbitration Agreement. Furthermore, the evidence in the record conclusively establishes that Dean's actions were inconsistent with its assertion of the Arbitration Agreement as grounds to dismiss Boulds' cause of action.

First, Dean acted inconsistently by failing to comply with the procedural requirements mandated by the parties' Arbitration Agreement. The Arbitration Agreement expressly incorporated the AAA's Commercial Arbitration Rules. Pursuant to those rules, the AAA requested that Dean waive certain provisions of the Arbitration Agreement and remit outstanding administrative fees. Dean, in contravention of the terms of the Arbitration Agreement, refused on three occasions to comply with these procedural conditions, ultimately resulting in the AAA declining any further arbitration with Dean. *See, e.g., Sanderson Farms, Inc. v. Gatlin*, 848 So.2d 828, 838 (Miss. 2003) (holding that a party's refusal to pay administrative fees as required by an arbitration agreement was inconsistent with the right to arbitrate, thereby bringing about a waiver of the protections of the arbitration agreement). Dean's actions frustrated arbitration of Boulds' claims and are therefore inconsistent with its assertion that the Arbitration Agreement precludes litigation.

Second, Dean acted inconsistently by electing to file a motion to dismiss Boulds' claim on the basis of the validity of the Arbitration Agreement while simultaneously arguing Boulds had no right to arbitrate. Moreover, by proceeding in circuit court without seeking an order to compel arbitration, Dean manifested an intent to resolve Boulds' claims in court rather than through arbitration. *See Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390–91 (7th Cir. 1995). More specifically, although Dean argued to the trial court that the Arbitration Agreement was valid, it sought to resolve the statute of limitations question in circuit court rather than through arbitration. Resolution of the effect of a time limitation in an arbitration agreement is for the arbitrator not the court. *Consol. Fin. Invs., Inc. v. Manion*, 948 S.W.2d 222, 224 (Mo.App. E.D.1997).[6] "A party's conduct amounts to a waiver when the party submits arbitrable issues to a court for decision." *WorldSource Coil Coating, Inc. v. McGraw Const. Co.*, 946 F.2d 473, 477 (6th Cir.1991) (citation omitted).

■ Finally, to establish waiver of the Arbitration Agreement, Boulds must show Dean's conduct resulted in prejudice to her. *See Major Cadillac*, 280 S.W.3d at 723. Courts consider prejudice on a case-by-case basis, and find prejudice where a party's actions deprive the non-waiving party of benefits of the arbitration agreement, such as the " 'efficient and low-cost resolution of disputes.' " *Id.* (quoting *Reis v. Peabody Coal Co.*, 935 S.W.2d 625, 631 (Mo.App. E.D.1996)).

6. Thus, contrary to Dean's assertion, its argument before the circuit court that it was justified in refusing to participate in arbitration because Boulds failed to timely demand arbitration is unfounded.

 Given that Dean does not dispute the existence of prejudice, we need not address it. Nevertheless, we find that the record shows that Dean's conduct significantly prejudiced Boulds. Dean's refusal to abide by the AAA's rules and cooperate in the arbitration proceedings deprived Boulds of resolution of her claims as contemplated by the Arbitration Agreement. To obtain a resolution of her claims, Dean left Boulds with no option other than to re-file in circuit court.

Based on the foregoing, we find that Dean's actions constituted a waiver of its right to enforce the Arbitration Agreement. Therefore, the trial court erred in granting Dean's motion to dismiss.[7] Point granted.

### *Conclusion*

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

SHERRI B. SULLIVAN, P.J., and ROBERT G. DOWD, JR., J., Concur.

---

7.  Given our disposition of Boulds' first point, we need not address her second point regarding the unconscionability of the one-year limi-tations period in the Arbitration Agreement. However, we note that Boulds did not raise this issue at any time prior to this appeal.