

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| CONNIE LANGE, | ) | No. ED111498 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| GMT AUTO SALES, INC., | ) | Cause No. 21SL-CC02892 |
| | ) | |
| Respondent. | ) | |
| | ) | Honorable Kristine Kerr |
| | ) | |
| | ) | |
| | ) | Filed: April 16, 2024 |

Before Judges Thomas C. Clark II, P.J., James M. Dowd, J. and John P. Torbitzky, J.

### Introduction

Connie Lange (Appellant) appeals the St. Louis County circuit court's order denying her motion to vacate the arbitration award and granting GMT Auto Sales, Inc. d/b/a St. Louis RV's (Respondent) motion to compel arbitration. Appellant raises three points on appeal. In her first point, Appellant argues Respondent lost its right to arbitration by assigning the retail installment contract containing the arbitration provision to Huntington National Bank. In her third point, she argues her claims are not arbitrable because the arbitration provision is unenforceable under Missouri law. In her second point however, she argues that Respondent knowingly waived its right to arbitrate by acting inconsistently with that right, specifically filing a motion to dismiss

1

and asking the court to enter a final judgment on the merits.[1] We find this point dispositive and reverse and remand to the circuit court for proceedings consistent with this decision.

### Factual and Procedural Background

On August 14, 2020, Respondent sold Appellant a camping trailer and assessed a separate $199.00 administrative fee, quoting § 301.558 as allowing this additional expense.[2] Appellant and Respondent's representative signed a sales contract and a separate retail installment contract containing an arbitration provision.

On June 28, 2021, Appellant filed a two-count class action petition, claiming that her trailer did not constitute a "motor vehicle," "vessel" or "vessel trailer" within the meaning of § 301.558, so Respondent could not assess an administrative fee against her. Appellant pursued her cause of action under the Missouri Merchandising Practices Act (MMPA) and sought reimbursement of the $199.00 for herself and similarly situated people.

On July 28, Respondent filed a motion to dismiss for failure to state a claim under Rule 55.27(a)(6), effectively requesting the court adjudicate the matter based on the merits. In its motion, Respondent did not reference the arbitration provision in the retail installment contract and requested the circuit court dismiss all of Appellant's claims with prejudice. When seeking dismissal, Respondent argued that § 301.558 allowed it to assess a fee against Appellant and that Appellant failed to satisfy the MMPA requirements. Essentially, Respondent requested the circuit court interpret the statutory provisions to determine whether Appellant submitted viable claims. During oral arguments, both parties conceded that the circuit court would have entirely disposed of Appellant's claims, if it granted Respondent's motion to dismiss.

---

[1] All rule references are to the Missouri Supreme Court Rules (2021).
[2] All statutory references are to the Revised Statutes of Missouri (2016).

On September 14, the court denied Respondent's motion to dismiss, concluding that Appellant's trailer did not clearly fall within one of the multiple statutory definitions that qualify retailers to assess an additional fee. § 301.558. After the court denied Respondent's motion, Appellant filed a motion for class certification and initiated discovery efforts. On September 20, Respondent filed a motion to stay the proceedings and compel arbitration. Appellant opposed the motion on several grounds, including the fact that Respondent waived arbitration by filing a motion to dismiss. On October 19, the circuit court granted Respondent's motion, ordering arbitration.

On November 9, 2022, an arbitrator entered a final award, finding in favor of Appellant on her individual claim for $199.00. Also, the arbitrator awarded Appellant $5,000.00 in attorney's fees and costs associated with the arbitration proceedings. Following the final award, Appellant filed a motion to vacate the arbitration award and reconsider the court's order compelling arbitration. After the circuit court granted the arbitration request but before it considered Appellant's motion to vacate and reconsider, the U.S. Supreme Court issued *Morgan v. Sundance, Inc.*, 596 U.S. 411, 142 S.Ct. 1708, 212 L.Ed.2d 753 (2022), holding that prejudice is not a factor in determining whether a party waived its right to arbitration under the Federal Arbitration Act (FAA).

After reviewing the pleadings and hearing the parties' arguments, the circuit court denied Appellant's motion to vacate the arbitration award and reconsider the order compelling arbitration on January 18, 2023. Also, the circuit court entered a judgment in favor of Appellant and against Respondent in an amount consistent with the arbitrator's award. Now Appellant appeals.

**Standard of Review**

3

"The issue of whether arbitration should be compelled is a question of law subject to *de novo* review." *Baker v. Bristol Care, Inc.*, 450 S.W.3d 770, 774 (Mo. banc 2014). We review whether a party waived their right to arbitration *de novo*. *Getz Recycling, Inc. v. Watts*, 71 S.W.3d 224, 228 (Mo. App. W.D. 2002).

**Discussion**

*Point II – Arbitration Clause Waiver*

In Point II, Appellant claims Respondent waived its right to arbitration by filing a motion to dismiss and asking the court to enter a judgment on the merits. We agree. "Whether a party's actions constitute a waiver of the right to arbitrate depends on the facts of each case." *Boulds v. Dick Dean Econ. Cars, Inc.*, 300 S.W.3d 614, 619 (Mo. App. E.D. 2010) (citing *McIntosh v. Tenet Health Sys. Hosps., Inc./Lutheran Med. Ctr.*, 48 S.W.3d 85, 89 (Mo. App. E.D. 2001)). A strong presumption exists against waiver, and we resolve in favor of arbitration any doubt as to whether a party has waived arbitration. *Id.*

Initially, Respondent argues that this court and the Missouri Supreme Court denying Appellant's writ of mandamus support the trial court's decision granting the motion to compel arbitration. We disagree and find that this court and the Missouri Supreme Court choosing to deny a writ lends little applicability to the subsequent appeal. Neither this court nor the Missouri Supreme Court issued an opinion accompanying the orders denying the writ. Considering a court may deny a writ for several reasons, we cannot assume that this court or this state's highest court denied the writs after concluding that the motion to compel arbitration was properly granted. *See Nichols v. McCarthy*, 609 S.W.3d 483, 490 (Mo. App. E.D. 2020) ("Denial of a writ by the appellate court means nothing because a court may deny a writ for a number of reasons"); *see also Rodriguez v. Suzuki Motor Corp.*, 996 S.W.2d 47, 61 (Mo. banc 1999) ("The mere denial of

4

a petition for writ of prohibition where the appellate court issues no opinion is not a conclusive decision on the merits of the issue presented").

After the circuit court entered the order compelling arbitration, the U.S. Supreme Court issued *Morgan v. Sundance, Inc.*, 598 U.S. 411, 142 S.Ct. 1708, 212 L.Ed.2d 753 (2022), which specifically addressed waiver of arbitration provisions under the FAA. In *Morgan*, Sundance initially filed both a motion to dismiss Morgan's petition involving an employment dispute then participated in an unsuccessful mediation before ultimately moving to compel arbitration nearly eight months later. *Id.* at 416, 1712. Before reaching the Supreme Court, the Eighth Circuit applied the rule that "a party waives its right to arbitration if it knew of the right; 'acted inconsistently with that right;' and 'prejudiced the other party by its inconsistent actions.'" *Id.* at 415, 1712 (citing *Erdman Co. v. Phoenix Land & Acquisition, LLC*, 650 F.3d 1115, 1117 (8th Cir. 2011)). When remanding this matter, the U.S. Supreme Court held that prejudice is not a consideration when determining whether or not a party waived their right to arbitration. *Id.* at 416–19, 1712–14. Rather, the question is whether the applicable party "knowingly relinquished the right to arbitrate by acting inconsistently with the right…" *Id.* at 419, 1714. Before *Morgan*, Missouri courts applied the following test to determine waiver of arbitration: "A party waives its right to arbitrate if it (1) had knowledge of the existing right to arbitrate, (2) acted inconsistently with that right, and (3) prejudiced the party opposing arbitration." *Boulds*, 300 S.W.3d at 619.

Our reading of *Morgan* leads us to conclude that prejudice is less relevant to our analysis, leaving us to focus on whether Respondent knowingly waived its right to arbitrate by acting inconsistently with that right. *Morgan*, 598 U.S. at 419, 142 S.Ct. at 1714. Subsequently, *Morgan's* comparable factual scenario coupled with its ruling lead us to conclude that Respondent knowingly waived arbitration after acting inconsistently with that right, specifically

5

asking the court for a substantive ruling on the merits when considering the applicability of §

301.558 to the $199.00 administrative fee and to essentially dismiss Appellant's case.

First, the parties do not dispute that Respondent knew of its existing right to arbitration.

Respondent drafted the retail installment contract containing the arbitration provision and signed

it. *See Lopez v. GMT Auto Sales, Inc.*, 656 S.W.3d 315, 328 (Mo. App. E.D. 2022) (finding

knowledge where company drafted the arbitration provision). Second, Respondent acted

inconsistently with its right to arbitrate when first asking the trial court to dismiss all of

Appellant's claims, arguing in part that § 301.558 allowed it to assess a fee against Appellant and

that Appellant's claims failed to meet the MMPA's requirements. "Inconsistency is found from

the conduct which prevents arbitration, or makes that recourse impossible. . ." *Boulds*, 300

S.W.3d at 619 (quoting *Village of Cairo v. Bodine Cont. Co.*, 685 S.W.2d 253, 261 (Mo. App.

W.D. 1985). "Additionally, a party who proceeds in a judicial forum for the resolution of an

otherwise-arbitrable dispute acts inconsistently with the right to arbitrate." *Id.* at 620. "A party's

conduct amounts to a waiver when the party submits arbitrable issues to a court for decision." *Id.*

(quoting *WorldSource Coil Coating, Inc. v. McGraw Const. Co.*, 946 F.2d 473, 477 (6th Cir.

1991)).

Respondent asserts that it did not act inconsistently with its arbitration rights when its

motion to dismiss is based on jurisdictional or procedural issues. *Morgan v. Sundance, Inc.* 992

F.3d 711, 715 (8th Cir. 2021). We disagree. In fact, Respondent was seeking a final judgment

from the trial court by moving to dismiss Appellant's case. If the trial court granted

Respondent's motion, it would have dismissed all of Appellant's claims, negating the need for

arbitration. Contrary to Respondent's argument, its motion to dismiss was unrelated to

jurisdictional or procedural issues but instead challenged the merit of Appellant's claims. If the

trial court embraced Respondent's arguments when interpreting that § 301.558 authorized the administrative fee and Appellant failed to meet the MMPA's statutory threshold, effectively extinguishing Respondent's liability, then Appellant's petition would be meritless and warrant dismissal with prejudice. In short, Respondent attempted to end Appellant's case based on the merits and for substantive reasons, not for jurisdictional reasons. Only after those efforts failed and Appellant initiated discovery did Respondent attempt to activate the arbitration provisions.

We conclude that Respondent cannot change its choice of venue after ostensibly availing itself to one alternative only to select another following an unfavorable ruling. Essentially, Respondent lost a motion on the merits and then attempted to invoke arbitration. Respondent acts inconsistently with its desire for arbitration when initially filing and subsequently pursuing a substantive motion to dismiss based on the merits of the case while knowing of the right to arbitrate. Only after the trial court rejected its motion to dismiss did Respondent pursue arbitration, choosing to do so after receiving an unfavorable outcome in the trial court. Under the *Morgan* analysis, Respondent waived its right to arbitration. Point II is granted.

### Conclusion

We conclude that Respondent waived its right to arbitrate when it filed a motion to dismiss all of Appellant's claims with prejudice for failure to state a claim. We reverse and remand to the circuit court for proceedings consistent with this decision.

_____

Thomas C. Clark II, P.J.

James M. Dowd, J. and
John P. Torbitzky, J., concur.

7