

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| KIARA STANDIFER and QUENTINA TATE, | ) ) ) | No. ED112162 |
| Respondents, | ) ) | Appeal from the Circuit Court of St. Louis County |
| v. | ) ) | Cause No. 23SL-CC02853 |
| | ) | |
| SUNTRUP HYUNDAI, INC. and HYUNDAI MOTOR AMERICA CORP., | ) ) | Honorable John N. Borbonus |
| | ) | |
| Appellants. | ) | Filed: August 6, 2024 |

Suntrup Hyundai, Inc. and Hyundai Motor America Corp. (collectively, "Suntrup")

appeal the circuit court's order overruling its motion to compel arbitration of two consumer

disputes. Suntrup alleged there were valid, binding arbitration agreements requiring arbitration

rather than resolution by the circuit court.

Because the consumers' arbitration agreements are enforceable and the consumers failed

to submit their claims to arbitration, the circuit court's judgment denying Suntrup's motion to

compel arbitration is vacated. This case is remanded to the circuit court with instructions to issue

an order compelling arbitration.

**Background**

Kiara Standifer and Quentina Tate (collectively, "Consumers") each purchased a Hyundai vehicle from a dealership in St. Louis County. Subsequent to their purchases, Consumers' vehicles were stolen.

Consumers filed a petition in the circuit court, claiming Suntrup violated the Missouri Merchandising Practices Act, section 407.010 et seq., RSMo 2016,[1] because Suntrup failed to install the appropriate anti-theft protection devices in their vehicles. Suntrup timely moved to compel arbitration and stay the proceedings because Consumers signed arbitration agreements requiring arbitration of all disputes.

Consumers conceded they signed arbitration agreements but claimed they were relieved of their obligation to arbitrate because Suntrup failed to register the arbitration agreements with the American Arbitration Association ("AAA") as required by AAA rules. Accordingly, Consumers argued they were not required to submit their claims to arbitration and could proceed in the circuit court. Suntrup replied, asserting Consumers' arbitration agreements allowed for a choice of arbitrators, it had registered with the AAA, and any determination regarding arbitrability of a different state case in the circuit court is not binding in this case. *See Martin v. HW Automotive, LLC*, No. ED112165, --- S.W.3d --- (Mo. App. August 6, 2024).

The circuit court held a hearing on the motion to compel and entered a judgment denying Suntrup's motion to compel arbitration. Suntrup appeals pursuant to § 435.440.1(1).

**Standard of Review**

Section 435.355 governs the procedure for resolving a motion to compel arbitration. If the party seeking to compel arbitration demonstrates there is a valid arbitration agreement and

---

[1] All statutory references are to RSMo 2016.

the party opposing the motion refuses to arbitrate, "the court shall order the parties to proceed with arbitration …." Section 435.355.1.  If the party opposing the motion denies the existence of an arbitration agreement, then "the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party …." *Id*. In "an appeal from a circuit court's order overruling a motion to compel arbitration when there is a dispute as to whether the arbitration agreement exists, the circuit court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Theroff v. Dollar Tree Stores, Inc.*, 591 S.W.3d 432, 436 (Mo. banc 2020).

However, when there is no dispute about the existence of an arbitration agreement, this Court conducts *de novo* review of whether a motion to compel arbitration should be sustained. *Bridgecrest Acceptance Corp. v. Donaldson*, 648 S.W.3d 745, 751 (Mo. banc 2022). This Court also engages in *de novo* review to determine "whether the right to insist on arbitration, if present, has been waived." *GFS, II, LLC v. Carson*, 684 S.W.3d 170, 176 (Mo. App. 2023) (quoting *Frye v. Speedway Chevrolet Cadillac*, 321 S.W.3d 429, 435 (Mo. App. 2010). When a reviewing court engages in *de novo* review, it "exercises independent judgment to correct erroneous interpretations." *Missouri Pub. Serv. Comm'n v. Union Elec. Co.*, 552 S.W.3d 532, 539 (Mo. banc 2018) (internal quotation omitted). The circuit court's decision is given no deference in *de novo* review. *Chastain v. United Fire & Cas. Co.*, 653 S.W.3d 616, 620 (Mo. App. 2022). Because Consumers concede they signed arbitration agreements with Suntrup, this Court's review of the order overruling Suntrup's motion to compel is *de novo*.

3

**Analysis**

"[A]rbitration is a matter of contract." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67, 130 S. Ct. 2772, 177 L.Ed.2d 403 (2010). "The usual rules and canons of contract interpretation govern the subsistence and validity of an arbitration clause." *Dunn Indus. Grp., Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 428 (Mo. banc 2003); *see also Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233, 133 S. Ct. 2304, 2309, 186 L. Ed. 2d 417 (2013); *Bridgecrest*, 648 S.W.3d at 752 (applying contract principles to an arbitration dispute).

Consumers do not dispute that their claims are subject to a binding arbitration agreement. Instead, Consumers assert they are relieved of their obligation to arbitrate because the circuit court in a different case, *Martin v. H.W. Automotive LLC*, did not compel arbitration after finding that the *Martin* defendants failed to properly register their arbitration clause with the AAA. Consumers suggest that, because the AAA declined to arbitrate the claims in *Martin*, this Court should assume that the AAA would also decline to arbitrate Consumers' claims here.

Consumers' argument that this Court should rely on a circuit court's order in another case involving different parties is incorrect. This Court evaluates each case on its own merits, and in this case, Consumers agree that they have signed a binding arbitration clause. Although *Martin* involved similar claims to those at issue here, it dealt with different parties and different arbitration clauses. *Martin* also involved evidence that the plaintiffs in that case actually attempted to initiate an arbitration.

The record in this case lacks any support for Consumers' argument that an arbitrator would refuse to accept their cases for arbitration. Consumers have not presented any evidence that they attempted to arbitrate their claims or that their claims would be rejected if they

attempted to do so. As a result, the circuit court erred in failing to compel the parties to arbitrate based only on a similar refusal in a separate case. [2]

Additionally, Consumers argue this Court should affirm the circuit court's judgment because Suntrup waived arbitration by responding to Consumers' lawsuit.[3] A court may determine whether a party waives its right to compel arbitration when that party affirmatively *litigated* the dispute in the circuit court. *Carson*, 684 S.W.3d at 178. "A claim that a litigant has waived its right to compel arbitration, because it has actively and extensively litigated the case in court before seeking arbitration, is similar to many other procedural issues that routinely arise in civil litigation, and which are resolved by courts every day." *Id*. at 183.

"[W]aiver occurs when a party 'knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that right[.]'" *Lopez v. GMT Auto Sales, Inc.*, 656 S.W.3d 315, 327 (Mo. App. 2022) (quoting *Morgan v. Sundance, Inc.*, 596 U.S. 411, 419, 142 S. Ct. 1708, 1714, 212 L. Ed. 2d 753 (2022)). "A party's conduct amounts to a waiver when the party submits arbitrable issues to a court for decision." *Boulds v. Dick Dean Econ. Cars, Inc.*, 300 S.W.3d 614, 620 (Mo. App. 2010) (quoting *WorldSource Coil Coating, Inc. v. McGraw Const. Co.,* 946 F.2d 473, 477 (6th Cir. 1991)).

---

[2] This Court, in *Martin v. HW Automotive, LLC*, No. ED112165, --- S.W.3d --- (Mo. App. August 6, 2024), issued on the same date as this opinion, also reversed the circuit court's ruling on which Consumers rely, reasoning that the AAA had not yet fully declined to arbitrate the plaintiff's claims. Even if *Martin* could be considered controlling here, the reversal of the circuit court's judgment in *Martin* would similarly lead to a reversal here.

[3] Ironically, Consumers, while claiming Suntrup waived arbitration, concede they never raised their waiver argument in the circuit court. In any event, Consumers' argument is internally inconsistent. Consumers fault Suntrup for not answering their petition and delaying this case, while simultaneously claiming Suntrup waived arbitration by participating in separate federal litigation. Rather than showing Suntrup waived arbitration, Consumers' argument shows it is nothing more than a Catch-22.

Suntrup did not waive arbitration. After Consumers filed their petition, Suntrup, rather than litigating the matter, instead filed a motion to compel arbitration. Responding to Consumers' petition with a motion to compel was the appropriate step for Suntrup to enforce arbitration. Accepting Consumers' argument would require this Court to hold Suntrup waived its arbitration rights by filing a motion to compel arbitration. Suntrup's actions were the antithesis of a waiver. *C.f. Carson*, 684 S.W.3d at 187 (finding waiver-by-litigation when creditor engaged in extensive litigation for more than a year) and *Lopez*, 656 S.W.3d at 329-30 (finding company's acts of engaging in more than a year of motion practice, participating in discovery, requesting sanctions, and seeking summary judgment of arbitrable issues resulted in a waiver-by-litigation). Suntrup did not waive its right to compel arbitration by affirmatively litigating in the circuit court; its only interaction with the circuit court was seeking to compel Consumers' arbitration agreements, which Consumers concede they signed.

## Conclusion

The circuit court's judgment denying Suntrup's motion to compel arbitration is vacated. The case is remanded to the circuit court with instructions to enter an order compelling arbitration.

_____
John P. Torbitzky, P.J.

James M. Dowd, J., and
Michael S. Wright, J., concur.

6